RANGER & Co. v. G. W. HEARNE.

By written contract, free of ambiguity, H. purchased of R. & Co. a certain engine and mill, at the price of three thousand dollars, to be paid on a fixed future day, in cotton at eight cents per pound. The written contract recited that H. had fully and satisfactorily examined the engine, and received and accepted the same. *Held*, that H. is precluded from all inquiry as to the character or value of the article, unless he shows that R. & Co. fraudulently concealed defects in it at the time he examined it. *Held further*, that if the contract be not thus vitiated by fraud of R. & Co., their measure of damages is the highest market value of the cotton at the place of delivery, between the day of delivery and the day of trial.

APPEAL from Robertson. Tried below before the Hon. J. B. Rector.

The opinion states the case.

*Hancock & West*, for the appellants.

*Davis & Beall*, and *Stewart & Barziza*, for the appellee.

WALKER, J. There was error in the District Court in overruling the motion for a new trial. The verdict is not supported by the evidence; the ends of justice were not reached.

The written contract between the parties is in no wise ambiguous, and admitted of no sort of parol evidence to vary it or explain it away. The legal import and significance of the contract is this: Ranger & Co. sold to Hearne an engine and sawmill valued at three thousand gold dollars, to be paid for in cot-

ton of the crop of 1867, to be delivered at Bryan, at eight cents per pound in gold.

Hearne sold Ranger & Co. cotton of his crop of 1867, at eight cents per pound, to be delivered at Bryan, enough to equal the sum of three thousand dollars, to be paid for in an engine and saw-mill; and, after reciting that the engine has been examined by Hearne, he acknowledges its acceptance and receipt in the contract, and this precludes any inquiry into the character and value of the engine, unless it be shown that Ranger & Co. fraudulently concealed defects in the engine from Hearne, at the time he examined it.

There is a class of contracts known to the law, where the measure of damages is fixed by the contract; as, for instance, A sells B his horse, at the fixed price of one hundred and fifty dollars, to be paid in twelve months, with the privilege to B of paying it in corn, to be valued at fifty cents per bushel. Here B does not bind himself to pay in corn, but yet, from the nature of the contract, he can do so if he prefers; but if he should not choose to discharge the debt by the delivery of corn, he may pay it with one hundred and fifty dollars.

But if A and B mutually stipulate that A is to have corn at fifty cents per bushel, equal in amount to the value of his horse, at a given price, B cannot refuse to pay in corn if A insist upon it. The contract between Ranger & Co. and Hearne, was of the latter character; and if the contract be not vitiated by fraud, the measure of damages in this case would be the highest market value of the cotton at the place of delivery, between the time of delivery and the day of trial.

The judgment of the District Court is reversed and the cause remanded.

                                    Reversed and remanded.