## RANGER & Co. v. G. W. HEARNE.

1. FRAUD—PAROL TESTIMONY.—In a suit on a contract for the sale of an engine, reciting that "the said Hearne, accepting and receiving the same, having fully and satisfactorily examined it," the vendee is not estopped from alleging and proving in defense that plaintiff had had the engine newly painted and polished, and had its defects so con-cealed that it looked new, whereby defendant was induced to sign such contract.

2. EVIDENCE OF FRAUD.—It is competent to prove fraud in a contract, although it be reduced to writing and is silent on the subject to which the fraudulent representations referred.

APPEAL from Robertson.   Tried below before the Hon. J. B. Rector. '

*Hancock, West & North,* and *H. D. Pendergast,* for appellant, cited Adams' Eq., margin, 177, 3d Am. ed., and cases from North Carolina cited in the note. They cited also Ellis *v.* Mathews, 19 Tex., 390; Self *v.* King, 28 Tex., 553; Jackson *v.* Stockbridge, 29 Tex., 394; Reid *v.* Allen, 18 Tex., 248; Diamond *v.* Harris, 33 Tex., 634; Hall *v.* Layton, 16 Tex., 275, 276; Story on Sales, 4th ed., secs. 358, 360; Addison on Cont., 130; Van Ostrand *v.* Reed, 1 Wend., 424; Wood *v.* Ashe, 1 Strob. Law Rep., S. C., 407; Turner *v.* Navigation Co., 2 Dev., N. C., Eq., 236.)

*Davis & Beall,* for appellee, cited 8 Tex., 351; 9 Tex., 551; 10 Tex., 525; 1 Greenl. on Ev., § 284, and note; 1 Story's Eq. Jur., secs. 188, 198; Self *v.* King, 28 Tex., 555; Kerr on Frauds, 388; Swinney *v.* Booth, 28 Tex., 113; 3 Tex., 344; 4 Tex., 75; 9 Tex., 285, 297, 397, 598; 1 Story's Eq. Jur., secs. 153, 192; 2 Ala., 588; 9 Md., 433; 5 Mass., 116; 13 Johns., 431; 5 Cow., 508; 3 Pet., 210.

GOULD, ASSOCIATE JUSTICE.—Appellants brought suit on a written contract of sale of a certain engine for $2,000 gold, to defendant, Hearne, the contract containing the following clause: "the said Hearne hereby accepting and receiving the same, having fully and satisfactorily examined it." The contract further embodies an agreement by Ranger & Co. to procure for defendant a saw-mill of a certain description, for which he was to pay $1,000 gold, the defendant agreeing to pay the $3,000 in cotton, at eight cents per pound. When forwarded to him at Bryan, defendant refused to receive both engine and saw-mill, and they were sold at auction by order of plaintiffs, and brought the sum of $2,000 currency. Plaintiffs sued for the cotton or its highest market value up to the time of trial. The defense was that plaintiffs represented the engine to be new and free from defect, and in order to defraud the de-

fendant, had had the engine newly painted and polished, and its defects so concealed that it looked like an entirely new engine, whereby defendant was deceived, and signed said instrument. The court instructed the jury on the subject of fraud, as follows:

"If you find from the testimony that plaintiffs, or either of them, designedly, at the time of the sale of said engine, made material misrepresentation to the defendant as to the newness or defects of the engine, and that such misrepresentation operated as an inducement with said Hearne in buying the engine, then such misrepresentation was a fraud on Hearne, and you will find for the defendant."

There was no bill of exceptions to the charge, nor were any instructions asked by defendant; and whilst the charge might have been more explicit, it appears to us substantially to embody the law. If the plaintiffs desired the jury to be instructed on the hypothesis that the opportunities of defendant for ascertaining the newness or defects of the engine were equal to plaintiffs, or if they desired a direct charge on the hypothesis that defendant was not in fact deceived, they should have asked such charges of the court. The defendant excepted to evidence of defects in the engine, whether latent or patent, but the bill of exceptions does not state the ground of the objection.

It is argued here, on the ground that the contract contains nothing on the subject of the "newness" or "defects" of the engine, and that it does recite that Hearne "had fully and satisfactorily examined it." It is certainly competent to prove fraud, although the written contract is silent on the subject to which the fraudulent representation refers. (Kerr on Fraud and Mistake, 388; Dobell *v.* Stevens, 3 Barn. & Cres., 623; Henderson *v.* R. R. Co., 17 Tex., 560.)

Nor will the recital that he had satisfactorily examined the engine preclude him from showing that it had defects which he was prevented from discerning by the artifice and

misrepresentation of his vendors. (Kerr on Fraud and Mistake, 82, 102; Baylehole *v.* Walters, 3 Comst., 154; Schneider *v.* Heath, 3 Comst., 506; Pearce *v.* Blackwell, 12 Ired., 49; Torry *v.* Buck, 1 Green's Ch., 366.)

This case has been once before in this court, and it was then held that this recital in the contract did not preclude defendant from showing that Ranger & Co. fraudulently concealed defects in the engine from Hearne at the time he examined it. (37 Tex., 30.)

The case was then reversed, apparently on the ground that the verdict for defendant was not supported by the evidence. On the second trial some additional evidence was adduced as to the defects and diminished value of the engine, arising from its having been used, and also to the effect that its appearance to one unaccustomed to machinery was that of a new engine. On the question of the representations made by plaintiffs, there is a direct conflict of evidence. The credibility of conflicting witnesses is a matter peculiarly for the jury to decide, and in such cases the verdict will not be disturbed because they may have erred. In this case we have two verdicts to the same effect, and in each case the court below has refused to set the verdict aside.

After a careful examination of the record, we do not feel justified in reversing the case on the ground that the judge erred in refusing a new trial.

The judgment is affirmed.

AFFIRMED.