### WALKER & CROOK'S ADMR'S V. A. J. TAUL.

(No. 12, Op. Book No. 1, p. 240.)

APPEAL from Lamar County.    Opinion by ECTOR, P. J.

**§ 28.** *Administration; suit on rejected claim.* Art. 1311, Pas. Dig., requires that suit shall be instituted on a claim rejected by an administrator or executor within three months after the date of its rejection, and not thereafter.

**§ 29.** *Statute of limitations.* Constitution of 1869 suspended all statutes of limitations in civil suits up to March 30, 1870. *Held,* that this provision had no application to actions on claims against an estate which had been rejected by an administrator.

**§ 30.** Art. 1311, Pas. Dig., which requires suit to be brought within three months upon a rejected claim, is not properly a statute of limitation which would be suspended by the constitutional provision.

The authentication of the claim against an estate of a deceased person, and the presentation of that claim for allowance and approval, are to all intents and purposes the commencement of the prosecution of that claim, and if, on prosecution, the same be allowed and approved, it becomes a judgment against the estate; but if it be rejected, then art. 1311 gives a further remedy very much in the nature of an appeal, upon condition that the same be prosecuted within three months.    [37 Tex. 34.]

**§ 31.** *Statutes of limitations do not embrace appeals and writs of error.* Statutes providing for appeals and writs of error to the supreme court have been decided not to be statutes of limitations.    [Cunningham v. Perkins,

28 Tex. 488; State v. Kroner, 2 Tex. 492; Regan v. Flint, 30 Tex. 384; Shelly v. Southwick, 31 Tex. 125.]

§ **32.** *Recalling a witness or introducing other evidence after argument commenced.* The recalling a witness or admitting evidence after argument has commenced is within the discretion of the court whenever, in his judgment, the testimony offered is material to the ends of justice.

The practice should rarely be allowed of recalling a witness, and it should never be permitted where a party to the suit proposes to take the stand as a witness in order to materially and substantially change his former testimony.

April 30, 1877.   Reversed and remanded.