WEEMS *v.* THE GEORGIA MIDLAND & GULF RAILROAD CO.

1. If the subscriber to stock of a railroad company was induced to give his note therefor by representations of the president and other agents of the company that stock to the amount of only $3,000 and bonds to the amount of only $12,000 per mile would be issued, and in fact at the time these representations were made,

stock to the amount of $12,000 and bonds to the amount of $15,000 per mile had been, or agreed to be and afterwards were, issued, his subscription is not binding.

2. A clause in the subscriber's note that "the line of said railroad shall be located and shall run from the court-house in McDonough a distance not greater than the distance from said court-house to the present site of the East Tennessee, Virginia and Georgia railroad depot," is ambiguous, and is for submission to the jury to say whether the understanding of the parties was that the distance should be taken literally as expressed, or only substantially with reference to the convenience of the citizen and the public.
February 10, 1890.

Railroads. Promissory notes. Stock. Contracts. Fraud. Pleadings. Ambiguities. Before Judge BOYN-TON. Henry superior court. April term, 1889.

Reported in the decision.

G. W. BRYAN, W. T. DICKEN and E. J. REAGAN, for plaintiff in error.

BECK & CLEVELAND, contra.

SIMMONS, Justice.

The railroad company sued Weems on a promissory note which was for $150.00, dated October 4th, 1886, payable to said company, its order or assigns, for subscription to the capital stock of said company. It contained a stipulation that it would become due on October 1st, 1887, "or on any day thereafter whenever the board of directors of said railroad company shall decide that the first division of about ninety-eight miles between Columbus, Ga., and the East Tenn., Va. & Georgia railroad, of a railroad of not less width than standard gauge, is graded and ready for the cross-ties, trestles and bridges ; publication of said decision of said board of directors in any newspaper published in Atlanta or McDonough, Ga., shall be final and conclusive notice to me of the same." And the further agreement : "The line of said railroad shall be located and shall run from the court-house in McDonough a distance not greater than the distance from said court-

house to the present site of the E. T., Va. & Georgia railroad depot. It is hereby agreed and made part of the condition of this contract that if the Georgia Midland and Gulf Railroad Company shall fail to complete the work necessary to make this obligation binding by September 1st, 1889, then this instrument to be null and void." To this action the defendant filed a plea of the general issue and several special pleas. All the pleas filed by the defendant were stricken by the court, except the plea of the general issue. The defendant made a motion for a new trial, on the several grounds mentioned therein, which was overruled by the court, and defendant excepted.

1. The 4th ground of the motion for a new trial charges that the court erred in striking the pleas of the defendant. The second special plea of the defendant was as follows :

" The consideration for which the note was given has failed, because the stock is worthless, and was so when the note became due. The note was fraudulently procured to be given ; the inducement and promise was made by the statements of the president and agents of plaintiff, who were in the pay of plaintiff, that if defendant (and others similarly) would give the note for said stock, the stock would be valuable and would pay a premium or good dividends, and that like the Ga. R. R., which they said was built mainly by the people of this county, and under their control, and paid splendid dividends, would also be mainly under control of people along its line as their property, &c.; that said railroad would be operated when built, not in derogation of their will and rights ; and especially as to defendant and others at McDonough, that it should not be run in connection with, or in the interest of, or under any agreement with the Central R. R. of Ga., but would with the E. T., Va. & Ga. R. R., which runs by McDonough ; that plaintiff would only issue stock to amount to not more than $3,000.00 per mile, and bonds for not more than $12,000.00 per mile ; whereas, at the time of procuring defendant to make the note, said statements were untrue, for plaintiff had already issued and agreed to issue stock to the amount of $12,000.00 per mile, and bonds to the amount of $15,000.00 per mile, and had already mortgaged the railroad, &c. to the Central Trust Co. of N. Y. to secure such bonds, of which fact defendant had no notice ; or if said stock and bonds had not already been issued, plaintiff had already made a contract with the Georgia Midland and Gulf R. R. Construction R. R. Co., or other

company, to give them in said stock and bonds sufficient to make said aggregate to build said railroad, and afterwards delivered them to said company, all of which was unknown to defendant when he gave the note, and he would not otherwise have given same."

We think the court erred in striking this plea. It charges that at the time the defendant gave his note, he did so upon the representations of the president of the company, and other agents sent out by it to obtain subscriptions, that the road would only issue stock to amount of $3,000.00 per mile, and would only bond it to the amount of $12,000.00 per mile; whereas in truth, at the time these representations were made, stock had already been issued, or agreed to be issued, to the amount of $12,000.00 per mile, and bonds had been issued, or agreed to be issued, to the amount of $15,000.00 per mile; that these representations induced defendant to give his note for the stock of said company; that they were false, and were known to be so at the time they were made by the president and other agents of the company. If the facts set up in this plea are true, we do not think that the plaintiff, the railroad company, would be entitled to recover the amount of this subscription, when obtained by these fraudulent representations. If the defendant was induced to give his note by the representations that stock only to the amount of $3,000.00 per mile would be issued on the road, and that only $12,000.00 of bonds per mile would be issued thereon, and at the time these representations were made, stock to the amount of $12,000.00 per mile, and bonds to the amount of $15,000.00 per mile, had been issued, or agreed to be and afterwards in fact were issued, we do not think that either in law or in morals the defendant is bound by his subscription. We think the court should have submitted this plea to the jury, and have allowed them to pass upon the question of whether these representations were made, and if so, whether they were false at the time they were made.

2. We think that the clause in the note as to the distance that the line of the road should be from the court-house in McDonough is ambiguous, and the court should have submitted it to the jury and let them say what the understanding was between the parties; whether the distance should be taken literally as expressed, or only substantially with reference to the convenience of the citizen and the public.

*Judgment reversed.*