WEEMS *v.* THE GEORGIA MIDLAND & GULF RAILROAD CO.

The evidence showing that the principal inducement which moved the plaintiff in error to subscribe for stock was to get the company to bring its road to McDonough instead of to Locust Grove, and he not stating in his own testimony that he would not have subscribed or given his note for the stock if he had known how much stock and bonds had been or would be issued, the verdict of the jury was correct, and there was no error in not granting a new trial.                                    *Judgment affirmed.*

February 3, 1892.

Contracts.   Stock subscription.   New trial.   Before Judge BOYNTON.   Henry superior court.   April term, 1891.

The railroad company sued Weems upon a note given for a subscription to its stock.   He pleaded, among other things, that he was induced to give the note by representation of the president and other agents of the company that stock to the amount of only $3,000 and bonds to the amount of only $12,000 per mile would be issued, and that in fact, at the time these representations were made, stock to the amount of $12,000 and bonds to the amount of $15,000 per mile had been, or agreed to be and afterwards were, issued.   This and other pleas were stricken.   The plaintiff obtained a verdict, and the defendant's motion for a new trial was overruled.   He brought the case to this court, and it was held that the plea mentioned should have been submitted to the jury.

84 *Ga.* 356. The case was again tried, and a verdict again obtained by the plaintiff. Defendant moved for a new trial; his motion was overruled, and he excepted. The motion contained the general grounds that the verdict was contrary to law, evidence, etc., and that a certain extract from the charge of the court was error.

Upon the question of the representation mentioned, one of the plaintiff's witnesses testified : He was present at a public meeting called September 18, 1886 (the note sued on was dated October 4, 1886), for the purpose of getting subscriptions to the capital stock of plaintiff. At this meeting Grantland, Goetchius and others were present ; several made speeches. Grantland was the acting president of plaintiff, but witness was not sure who was acting attorney. In Grantland's speech he said, among other things, in stating how cheaply the road would be built, that it should not be stocked for more than $3,000 per mile nor bonded for more than $12,000 per mile. At this meeting books were opened and stock subscribed for. Defendant was present at the meeting, but witness did not know whether he subscribed at that time or not. The other witness testified : He was present at the meeting and heard the speeches, but did not hear the representations testified about, though they may have been made. Witness did not know of his own knowledge that Grantland was president, or that Goetchius was attorney, at the time. Goetchius made a speech at Griffin (the meeting in question was at McDonough and plaintiff's road runs by Griffin to McDonough) to solicit subscriptions. It also appeared that plaintiff's road has been stocked to the amount of $12,500 per mile and bonded for $15,000 per mile ; and that the notice published by the directors announcing the completion of the road to McDonough (at which time notes for subscriptions to stock given at McDonough were to become due) was signed by Grantland as one of the directors.

One of the defendant's witnesses testified: He was present at the meeting; Grantland, Goetchius and another made speeches; Goetchius was acting attorney for plaintiff, and Grantland acting as president; plaintiff suggested the holding of the meeting; in their speeches they said, among other things, that the railroad should not be stocked for more than $3,000 per mile nor bonded for more than $12,000 per mile, and that it would be stocked and bonded so low it would pay good dividends; both Grantland and Goetchius made these representations; books were then and there opened for subscription, and defendant subscribed there; when a certain amount had been subscribed a committee afterwards went to and conferred with Grantland as president, and others of the plaintiff company, and they told them to come back and get the balance necessary to make a subscription of $15,000 subscribed, which they did, and it was some time after this that the subscription notes were signed; some time after the subscriptions were made up, Goetchius came to McDonough and got witness to help him to get the subscription notes signed up, and Goetchius and he got the notes; the books were opened on the day of the meeting, and a committee of citizens, of whom defendant was not one, were appointed to solicit subscriptions; and neither Goetchius, Grantland, nor any railroad man asked for subscriptions. Another testified that he was present at the meeting; that Grantland was acting president and Goetchius acting attorney of plaintiff; that he did not remember Grantland speaking, but remembered Goetchius making a speech; that Goetchius solicited subscriptions, appealed for subscriptions, and said, among other things, if the people subscribed the railroad should not be stocked for more than $3,000 per mile, nor bonded for more than $12,000; and that defendant was present and subscribed. Defendant testified that he was present at the meeting; that Grant-

v 88-20

land was acting president and Goetchius acting attorney; that both made speeches,. but he did not specially remember Grantland's speech; that Goetchius in his speech said the road would not be stocked for more than $3,000 per mile, nor bonded for more than $12,000; that at the time the subscription notes were due the stock was worth from $6 to $10 per share; that he did not think he would have subscribed to the stock if they had said it would be stocked and bonded at $12,000 and $15,000 per mile; that Goetchius said in his speech that if $15,000 was raised the road would come to Mc-Donough, if not, it would go to Locust Grove, and that was one of the things which induced defendant to subscribe; that no one solicited him to subscribe, but he just came up when Goetchius finished speaking and subscribed; that the subscription was in a summer month, and he gave his note for the subscription in the fall; that no representations were made to him at the time the note was given; that his original subscription was $100, and he increased it to $150 to make up the $15,-000; and that when he gave the note he did not know that the road had been stocked and bonded for more than $3,000 and $12,000 per mile.

BRYAN & DICKEN, for plaintiff in error.
BECK & CLEVELAND, *contra.*