## BARRIE *v.* MILLER.

1. Where a contract of sale described the article sold as "The Edition de Luxe of Art and Architecture," and stated that a special feature of the edition would be an "aquarelle facsimile matted in a separate fascicule," and the meaning of the foreign words above quoted was unknown to the purchaser, and, upon a statement of this fact to the seller's agent, the latter fraudulently represented to the purchaser that the articles described by the expressions above quoted were of a certain character, when the fact was that the articles were of an entirely different character and of considerably less value, such statement would amount to a fraud upon the purchaser; and a plea setting up these facts, and an offer to rescind duly made, would be a good defense to an action brought on the contract, and evidence in support of such plea would be admissible notwithstanding the

fact that the contract stipulated that "no other conditions or representations than those herewith printed will be binding on either [of] the principals."

2. In the present case there was evidence authorizing the jury to find in favor of the defendant, and there was no error in overruling the plaintiff's motion for a new trial.

Argued January 22, — Decided May 25, 1898.

Appeal. Before Judge Callaway. Richmond superior court. April term, 1897.

*Samuel N. Evins* and *Henry C. Roney*, for plaintiff. *Boykin Wright, Frank H. Miller Jr.*, and *J. R. Lamar*, for defendant.

COBB, J. Barrie sued Miller on a contract for the sale of certain pictures, described as "The Edition de Luxe of Art and Architecture," the contract further stating that a special feature of the edition would be an "aquarelle facsimile matted in a separate fascicule." In the contract was the following stipulation: "No other conditions or representations than those herewith printed will be binding on either [of] the principals." Miller pleaded in substance, that one Green, the agent of the plaintiff, induced him to subscribe for the pictures described in the contract, falsely and fraudulently representing that the same would be an "artist proof edition"; that the expressions used in the contract do not show on their face whether or not they represent the kind of pictures contracted for; and that the defendant, being unlearned in the technical terms of art, and relying on the representations of plaintiff's agent, signed the contract, believing that he would receive an artist proof edition of the pictures; that the terms used are ambiguous, and may or may not mean an artist proof edition. He further alleges that some time after signing the contract he discovered that the agent of plaintiff was not soliciting subscriptions for an artist proof edition, and that he thereupon wrote to plaintiff and offered to rescind; that the plaintiff received notification of this offer, but in spite of this notice, and a further notice to the agent, sent defendant by express a box, the contents of which he is ignorant, but supposes it to contain the pictures; that at his instance the express company has informed plaintiff that the box remains in the office at the risk of plaintiff; and that for these reasons he is

not indebted to plaintiff in any sum whatever. A motion made by plaintiff to strike these pleas was refused, and evidence was admitted thereunder. The evidence was conflicting; that for the defendant tending to establish the truth of his pleas; and that for the plaintiff tending to show that the sale was made in good faith without any misrepresentation by the agent; and further, that the agent exhibited to defendant a sample of the pictures sold. The jury returned a verdict for the defendant; and plaintiff's motion for a new trial being overruled, he excepted. The motion contains, besides the general grounds, an assignment of error on the refusal of the court to strike the defendant's pleas.

1. The pleas allege, as stated above, that the expressions set out in the contract as descriptive of the pictures contracted for are ambiguous, and that it was due to the fraudulent representations of plaintiff's agent that the contract did not specify an artist proof edition, and that defendant was led to believe by the agent that the expressions used meant such edition. The plaintiff in error invokes the familiar doctrine that parol evidence is inadmissible to vary the terms of a written contract; but this doctrine can have no application in a case like the present one. He also insists that the allegations of fraud are insufficient, because they do not allege fraud in the execution of the contract; but this, we think, is, in effect, what the defendant does. Suppose he had alleged that the plaintiff sold him an artist proof edition of the pictures, and that he agreed to put certain technical expressions in the contract which would describe such edition, the meaning of such expressions being unknown to the defendant; that he has not done so, and for this reason defendant is entitled to rescind. This allegation would have met the objection of the plaintiff; and is not this what the pleas, fairly construed, mean? - Our code defines fraud to be "misrepresentation of a material fact, made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party." Civil Code, § 4026. In another place we find it stated that "fraud may exist from misrepresentation by either party, made with de-

sign to deceive, or which does actually deceive the other party; and in the latter case such misrepresentation voids the sale, though the party making it was not aware that his statement was false." Civil Code, § 3533. Measured by these rules, the allegations of fraud in the defendant's pleas were sufficient to entitle him to go to the jury. Besides, the pleas allege that the expressions in the contract descriptive of the goods purchased were ambiguous. An "Edition de Luxe," as defined by the lexicographers, means "an elaborate and costly edition, often limited; a sumptuous edition, as regards. paper, illustrations, binding, etc." From these definitions it will be seen that the expression quoted may mean an artist proof edition, or it may not. It is a generic expression, meaning simply an elegant edition of some kind; and it was competent for the defendant to allege and prove that he was led to believe that the expression meant an artist proof edition. The expression "aquarelle facsimile" is. clearly ambiguous, for it may mean either a copy of a water-color, or a water-color copy, which is quite a different thing, and much more valuable. These expressions being ambiguous, parol evidence was admissible to explain them. Civil Code, § 5202. It was for the jury to say in the light of all the evidence what was the understanding of the parties. *Weems* v. *Railroad Co.*, 84 *Ga.* 356. It is well settled that where a contract is procured by fraud, parol evidence is admissible to prove the fraud, and if the fraud be proved the jury are authorized to set aside the contract. *Janes* v. *Mercer Univ.*, 17 *Ga.* 515; *Ham* v. *Parkerson*, 68 *Ga.* 830; *Angier* v. *Brewster*, 69 *Ga.* 362; *McBride* v. *Macon Tel. Co.*, 102 *Ga.* 422.

The stipulation in the contract that the seller will not be bound by any representations other than those printed thereon can have no bearing in a case where fraud in procuring the signing of the instrument is the issue. Civil Code, § 3669. Nor is it material in the present case that the defendant saw a sample of the goods sold. He offered to rescind before the arrival of the pictures in the express office, and has never opened the box which contains them. But even if he had, the pictures may come up to the sample and then not be.an artist

proof edition. Such an edition of a picture does not differ so much in appearance from any other copy of the picture as it does in value because distinguished by the signature of the artist. At any rate no point is made by the plaintiff on this. His position in the case amounts to an admission that he did not sell an artist proof edition and consequently did not ship one. If Miller had been blind and the agent had obtained his signature to a contract for one thing upon representing that it was for an entirely different thing, no one would pretend that he was bound by the contract. According to his plea and evidence, he was blind and helpless so far as the technical terms of art were concerned, and so informed the agent, and was a victim at the hands of one thoroughly versed in such matters.

2. The issue as to fraud being properly submitted to the jury under the defendant's pleas, and there being evidence to authorize their finding, the court below did not err in refusing to grant a new trial at the plaintiff's instance.

*Judgment affirmed. All the Justices concurring.*