## A. F. DAVIS v. ROBERT DRISCOLL ET AL.

Decided October 19, 1899.

**1. Parol Evidence—Fraud—Written Contract.**

Parol evidence varying a written instrument is admissible to show that the execution was induced by fraudulent representations, although the written contract is silent upon the subject to which the representations refer.

**2. Fraudulent Representations.**

Representations made through ignorance, carelessness, or mistake, where the other party is misled and deceived thereby, are considered as legally fraudulent.

**3. Same—Presumption.**

Where a person falsely represented himself to be an experienced well-digger, the presumption arises that he knew the representation to be false.

**4. Same—Representations as to Existing Facts.**

Statements by a well-borer that he had certain appliances by which he could remedy the evils resulting from an influx of quicksand into the wells, coupled with the assurance that he would put them into the wells, are representations of a fact, and not mere promises to perform some act in the future.

APPEAL from the County Court of Nueces.    Tried below before Hon. W. B. HOPKINS.

*McCampbell & Welsh* and *Turner & McCampbell*, for appellant.

*G. R. Scott*, for appellees.

NEILL, ASSOCIATE JUSTICE.—Appellant instituted suit on an instrument in writing executed by J. & R. Driscoll, wherein they acknowledged their indebtedness to him in the sum of $1000.    Trial by jury resulted in a verdict and judgment in favor of appellees.

It was in evidence that in 1890 the following contract was entered into between appellant and J. & R. Driscoll: "This agreement, made and entered into by and between Robert Driscoll, of the county of Bexar and State of Texas, of first part, and A. F. Davis, of the county of Nueces, State of Texas, of the second part, witnesseth:    That the party of the first part furnishes machinery and a complete well-boring outfit with the necessary animals and hands and supplies to the said A. F. Davis, party of the second part, to bore and sink wells and erect windmills and tanks on the ranches of the said party of the first part, for a period of one year from the 1st day of January, 1891; that said party of the second part binds himself hereby to employ all his time and best skill in the management of said well-boring outfit and in the erection of windmills and tanks during the continuance of this contract, at such places on the ranches of said Driscoll, and elsewhere that he may direct; and the party of the first part binds himself to pay the said party of the second part $2250 for said services of the said party of the second part, per annum.    Said payment to be made quarterly, or every three months, counting from January, 1897, and both parties hereto bind themselves hereby to a full and faithful compliance with this agreement."

The date of the instrument was some time in November, 1890, and the instrument upon which the suit was based, which was merely an acknowledgment by J. & R. Driscoll that they owed appellant $1000, was given in settlement of the matters between the parties on December 15, 1891. Appellees pleaded and proved that it had been impossible to have useful wells in the section mentioned on account of quicksand running into and stopping up the pipes, and that the foregoing contract was made by J. & R. Driscoll because they were induced to do so by appellant's representation "that he was an experienced well-digger, and had appliances by which the quicksand difficulty could be overcome, and that he could sink wells, and by means of these appliances furnish defendants with permanent water at any place or places on their ranch, which he said could be accomplished by putting in a cylinder that could be removed after the strainer in the bottom of the well had been filled with sand and the sand then pumped out, and the cylinder could be replaced, when the well would at once furnish sufficient water, as it had done prior to the filling of the strainer with quicksand; that defendants believed such representations, and that plaintiff could do what he represented, and so believing entered into the contract." It was alleged, and there was evidence to sustain it, that appellant did not have the appliances that would act as he said, and that the wells were failures. It was also alleged, and evidence introduced to sustain the allegation, that the acknowledgment of the debt was made by reason of a promise on the part of appellant to finish the wells so that they would furnish the desired water. This he failed to do.

It is the contention of appellant that the court erred in admitting testimony in regard to the representations made by appellant as to the strainers, and as to the representations made at the time the settlement was concluded, because it was parol testimony and varied the terms of written contracts. It is the general rule, as laid down by Mr. Greenleaf, that "when parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous colloquium between the parties, or of conversation or declarations at the time when it was completed, or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of the parties, is rejected. In other words, as the rule is more briefly expressed, parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid instrument." Greenl. Ev., sec. 275. This rule is not infringed, however, by the admission of parol testimony showing that the written instrument is void, or never had any existence or binding force, either by reason of fraud or for want of due execution and delivery, or for the illegality of the subject matter. Id., sec. 284. It follows, then, that if the proof tended to establish fraud upon the part of appellant in inducing the execution of the contract, the evidence was admissible. It is well settled in

this State that it is competent to prove fraud, although the written contract is silent on the subject to which the fraudulent representation refers. Mitchell v. Zimmerman, 4 Texas, 75; Henderson v. Railway, 17 Texas, 560; Rhode v. Alley, 27 Texas, 443; Ranger v. Hearne, 41 Texas, 258.

But it is contended that it was not alleged and proved that the representations were made to deceive or with fraudulent purpose; but under the above authorities, if the representations were made through ignorance, carelessness, or mistake, and some one was deceived and misled thereby, it would be considered legal fraud. Even if the intent with which the representation was made would determine its character, as seems to be held in Railway v. Titterington, 84 Texas, 218, the allegations and proof show that appellant represented himself to be an experienced well-digger, and the presumption would arise that he did know that the representations were false.

It is also contended that the representations were mere promises to perform some act in the future, and would not therefore constitute fraud. The record shows, however, that appellant made the representation that he had certain appliances by which he could remedy the evils resulting from an influx of quicksand into the wells, coupled with the assurance that he would put them into the wells if the contract was executed. There was evidence to the effect that he did not have such appliances. The representation was as to a fact, and it was untrue, and appellees were deceived thereby. What we have said applies with equal force to the settlement in which the instrument of writing was procured through a repetition of the fraudulent representations first made.

It will not be necessary to discuss the other assignments, none of which is well taken. The judgment is affirmed.

*Affirmed.*