WILLETT et al. v. BROWNING ENGINEERING CO. (No. 7418.)

(Court of Civil Appeals of Texas. Dallas. April 29, 1916. Rehearing Denied May 27, 1916.)

1. SALES ⊝═38(2)—REMEDIES OF PURCHASER—MISREPRESENTATION—"FRAUD."

Where a seller makes material misrepresentations, intending them to be relied on by the purchaser, the seller is guilty of "fraud," though he believed the representations and the purchaser, having acted thereon, may recover.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 66; Dec. Dig. ⊝═38(2).

For other definitions, see Words and Phrases, First and Second Series, Fraud.]

2. SALES ⊝═355(1) — REMEDIES OF BUYER—PLEADING—SUFFICIENCY.

In action on a note, given for the price of machinery to be used in a gravel pit, defendant's answer averred that plaintiff's agents in making the sale misrepresented the character of the machinery; that they were familiar with the pit, and that the machines purchased would perform the work expected; that defendants were unfamiliar with the machinery; and that they purchased relying on such representation. The answer further prayed a recovery of sums expended in attempting to operate the machinery and of amounts already paid. Held, that the answer was sufficient to apprise plaintiff of the defense of fraudulent misrepresentations, and to warrant the admission of parol evidence thereof, though the contract was written.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1025, 1027–1035; Dec. Dig. ⊝═355(1).]

3. SALES ⊝═355(1) — ACTIONS — BREACH OF WARRANTY.

In such action, defendants' answer held sufficient to warrant proof of breach of warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1025, 1027–1035; Dec. Dig. ⊝═355(1).]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by the Browning Engineering Company against W. E. Willett and others, who counterclaimed. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Burgess, Burgess, Germany & Chrestman, of Dallas, for appellants. Thompson, Knight, Baker & Harris, of Dallas, for appellee.

RAINEY, C. J. Appellee sued appellants to recover on promissory notes given for machinery and to foreclose a lien given to secure the purchase price of same. Appellants answered, admitting the execution of the notes and the lien, but denied liability; that the contract of purchase of said machinery was procured by fraud and misrepresentations of plaintiff, and by reason thereof sought to recover back the purchase money paid on said machinery, and to recover damages for

loss of profits by reason of the machinery failing to come up to the representations. The trial court sustained demurrers to said answer, and, the defendant refusing to amend, the cause was dismissed, from which action an appeal was taken.

Omitting formal parts, appellant's answer made in part the following allegations, to wit:

"That plaintiff, through its representative and agent, was advised by defendants that defendants were wholly inexperienced in the handling of Browning Engineering Company's machinery of the kind which plaintiff sought to sell them, and would have to rely upon the representation made by said agents and representatives, whom defendants informed as to the place and kind of work they desired to do with said machinery and how the same was to be operated by defendants; that plaintiff was then and there advised of the character and nature of strippings and of gravel to be worked and removed by the proposed machinery, whereupon said agent told defendants that he knew the pit and the condition surrounding the same, and that it was unnecessary for him to go upon the ground; that the machinery would do the work in said pit in an efficient manner; that the plaintiff's specifications and warranty in writing, heretofore referred to, covered the specifications of a part only of said machinery and the capacity thereof, but that plaintiff's agent and representative made specific and direct representations to this defendant as to the work which plaintiff's machinery would do; that said plaintiff then and there, as a part of the contract, and directly influencing and intending to influence these defendants to enter upon said contract with plaintiff, represented to defendants that said bucket and crane and every part of said machinery were strong, of heavy and good material, and were capable of and would strip and load not less than nine cars of gravel per day in the pit where the defendant was to use the same, and would handle the same at no greater cost than 3 cents per yard, which was a proper and reasonable cost of such work; that said representations were made by plaintiff and plaintiff's agent as a guaranty and warranty of said bucket and crane, as well as every part of said machinery, and here defendants believed such representations and relied thereon; that, among other things not necessary herein to allege, said specifications and warranties on the part of plaintiff were to the effect that said locomotive crane would raise and rotate 11,500 pounds while running free on the track at a radius of 20 feet in working at the work for which it was purchased to do, to wit, in the gravel pit hereinbefore mentioned, and the defendants believed such specifications and warranties, and relied thereon; that plaintiff further warranted and represented and guaranteed to defendants that the water tank would supply the crane for a day without refilling; that the plaintiff and its agents further warranted, represented, and specified as a part of said contract that the hoisting, rotating, and traveling of said crane and bucket could be done simultaneously, one man controlling all the operations thereof, which defendants believed and relied upon."

The petition in section 11, subds. 1, 2, further alleges:

"(1) That, as well known to plaintiff and plaintiff's agents and representatives, defendants had leased certain gravel pit in Dallas county, west of the city of Dallas, in defendant's firm name of Acme Gravel Company, as copartners, which gravel pit was known to plaintiff's agent prior to and at the time defendants purchased said machinery, which said agent then and there knew the condition of the ground and the kind of work intended by these defendants for said machine to do, and then and there, as an inducement to these defendants to enter into said contract, represented to them that said machine would meet the specifications and the capacity and do the work successfully and satisfactorily upon and in that particular work and place, and these defendants believed and they relied upon, the representations, warranties, and guaranties made by said agents and representatives, and, relying thereon, entered into the contract as hereinbefore set out.

"(2) That, with full knowledge of all these conditions as well as defendants' lack of knowledge of said machinery and knowing that defendants were relying thereon, plaintiff's agents made such representations and warranties concerning said machinery, and these defendants in good faith, and relying upon said representations and warranties, entered upon said work after the machine was received in Dallas, expended their money in setting up the machine and transporting it to said gravel pit, in the sum of about $100, after which time they undertook to operate the same, employing labor, buying fuel, oil, etc., and expending all such sums of money as was necessary to fit said machine out for the work and to operate the same as it was intended. They expended $273.87 for fuel, $1,-363.29 for labor, $19.63 for oil, $273.88 for repairs, and in addition thereto expended their own time for more than 90 days, which was the reasonable value of $10 per day, or a total of $900."

In other sections and paragraphs the petition alleges the misrepresentations made and the damages sustained, and for which appellant seeks relief.

[1, 2] The action of the court in sustaining plaintiff's demurrers 1, 2, 3, and 6 is assigned as error by appellant, which demurrers are as follows: (1) It excepts to all verbal specifications, guaranties, warranties, and representations alleged to have been made to defendants prior to or contemporaneous with the written contracts sued on, and says that no facts are alleged showing them to be part of the contract in question, or effective in any wise to qualify, alter, or vary the terms of the written instruments, and of this it prays judgment. (2) It excepts to all verbal specifications, guaranties, warranties, and representations subsequent to the execution of the written contract sued on, and says that no facts are alleged showing them to be based upon any sufficient consideration, or constituting same any part of the contract in question, or effective in any wise to qualify, limit, vary, or alter the said contract, and of this it prays judgment. (3) It excepts to the allegations made as to the knowledge of the plaintiff as to the character of the work proposed to be done by the machinery purchased from it by defendants as being immaterial and in no wise effective to modify, vary, or enlarge the contract sued on, or the obligations of the plaintiff thereunder, and of this it prays judgment. (6) It excepts to the allegations as to divers breaches of warranty by plaintiff, for that the alleged warranties and guaranties relied on, if verbal, constitute no part of the contract sued on, and, if contained in the contract sued on, are not pleaded with such definiteness and certainty as to apprise the plaintiff of the provisions of the

contract supposed to embrace the obligations claimed, and of this prays judgment.

The proposition submitted by appellant is:

"When fraud and false representations are employed by a seller to secure a contract of purchase from a purchaser, the facts rest in parol, and may be shown by parol evidence. In such cases, the general rule that parol evidence is not admissible to vary or contradict a written instrument does not apply."

Appellee, in effect, concedes this proposition, but submits the following counter proposition:

"In the absence of pleadings properly charging fraud and false representations in the procuring of the execution of a contract of purchase, no complaint properly lies to the action of the court in holding, upon exception, that such issues are not in the case."

While the appellants in their answer do not use the words "false" and "fraudulent," they use language equivalent thereto. They, in effect, charge that appellee's agent was informed of their inexperience in the handling of that kind of machinery, and would have to rely upon the representations made by him; that said agent was informed as to the place and kind of work they desired to do with said machinery, and how the same was to be operated by defendants, and was advised of the character and nature of the stripping and gravel to be removed, whereupon said agent told them that he knew the pit and the conditions surrounding the same, and it was unnecessary for him to go upon the ground, and that the machinery would do the work in said pit in an efficient manner; that the written specifications and warranties given by appellee only covered in part, but the agent made direct representations as to what the machinery would do; "that said plaintiff then and there, as a part of the contract, and directly influencing, and intending to influence, these defendants to enter upon said contract with plaintiff," setting forth the representations of the capacity and strength of the machinery; that said representations were made as guaranties and warranties, which were believed by defendants and relied on by them; that in effect said warranties and guaranties had failed, and the machinery had failed to perform the services it was purchased to do. The object of pleading is to advise the opposite party of the nature of the cause of action or defense; that is, there must be an explicit statement of facts—

"that the defendant may know what he is called upon to answer, and be enabled to make the proper defense, and that the tribunal having cognizance of the controversy may be apprised of the matter at issue, and be enabled to administer the proper remedial justice." Towne, Tex. Pleading.

This rule is applicable to any defense pleaded by defendant. Here the appellant, in effect, pleaded a legal fraud, sufficient to apprise the appellee of what facts he intended to rely on and of what relief he sought.

Where a purchase is made and the seller makes material representations that are not true, but relied on by the purchaser, it is immaterial whether the seller believed them to be 'true or not; if the purchaser relied thereon and is damaged, he is entitled to recover therefor, as such is a legal fraud. Kirby v. Thurmond, 152 S. W. 1102; Ranger v. Hearne, 41 Tex. 258.

[3] Besides the defense of misrepresentations, the answer sought relief for breach of warranty. The allegations for breach of warranty were sufficient to admit proof.

The court erred in sustaining demurrers to the petition, and the cause is reversed and remanded.