TEXAS & P. RY. CO. v. GILMORE.

(Court of Civil Appeals of Texas. Austin. Dec. 11, 1912. Rehearing Denied Jan. 29, 1913.)

1. CARRIERS (§ 146*)—LOSS OF FREIGHT—ACTIONS—QUESTIONS FOR JURY.

Whether the mailing of a postal card, properly addressed and postage paid, notifying the consignee of freight of its arrival, constitutes due diligence, changing the railroad company's liability from that of a common carrier to that of a warehouseman, is a question for the jury; and hence an instruction that it did constitute due diligence was properly refused as being on the weight of evidence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 619½, 631–636; Dec. Dig. § 146.*]

2. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—SUBMISSION OF ISSUES TO JURY.

In an action for the value of freight destroyed by fire after its arrival at the station of destination, where the railroad company pleaded that its liability was that of a warehouseman, the act of the court in submitting to the jury the question of its liability as a warehouseman in the face of plaintiff's admission that it was not so liable, was harmless error, as the instruction was favorable to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

---

3. CARRIERS (§§ 134, 136*)—LOSS OF FREIGHT —ACTIONS—QUESTIONS FOR JURY.

In an action for the value of freight destroyed by fire after its arrival at the station of destination, evidence on the question of whether the company's agent mailed a postal card to the consignee, notifying him of its arrival, *held* to make a question for the jury, and to sustain its finding in favor of plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–592, 596–598, 607; Dec. Dig. §§ 134, 136.*]

Appeal from Kaufman County Court; Thos. R. Bond, Judge.

Action by R. H. Gilmore against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry & Brown, of Kaufman, and W. L. Hall, of Dallas, for appellant. J. P. Coon, of Terrell, for appellee

JENKINS, J. Appellee brought suit in justice's court for $109.80, the alleged value of goods destroyed in the depot of appellant by fire, and obtained judgment for this amount in said court and also, upon appeal, in the county court.

[1] We overrule appellant's first assignment of error as to the failure of the court to give special charge No. 1, to the effect that the mailing of a postal card, properly addressed and postage paid, by defendant's agent to plaintiff, notifying him of the arrival of the goods, would have constituted due diligence, and would have changed the defendant's liability from that of a common carrier to that of a warehouseman. It is true that the mailing of such notice may be sufficient basis for a finding by a court or jury that the carrier had exercised due diligence to notify the consignee of the arrival of the goods; but this would be an issue of fact, under all the circumstances, for the jury, and the charge requested would have been upon the weight of the evidence.

[2] The court did not err in submitting to the jury the question of the liability of the defendant as a warehouseman. The appellant had pleaded that its liability was that of a warehouseman, and it was to its advantage to have this issue submitted, for the reason that, had the jury determined that its liability was that of a warehouseman, they could not, under the facts, have done otherwise than have found for the appellant. Appellant states, in its brief, that plaintiff's attorney admitted before the court and jury that appellant was not liable, under the facts of the case, as a warehouseman.

The first paragraph of the main charge of the court is not subject to the criticism made against it by appellant.

[3] The appellant's defense was that it had exercised due diligence to notify appellee of the arrival of his goods several days before the fire occurred, by mailing him a postal card to his proper address, and that defendant did not get such postal card, for the reason that he had left Terrell, the place of his residence, on Tuesday morning after the arrival of said goods on Monday night, and did not return until Saturday after the depot was destroyed by fire, and had left word with the postmaster at Terrell to hold his mail until he called for it. Appellant's witness upon this point (its station agent) had no independent recollection of having mailed such postal card, but he made a notation on the expense bill the day after the fire that such postal card had been mailed. Appellee testified that he had been receiving goods of like character about once in three weeks for a number of years, and that appellant had never sent him a written notice of the arrival of his goods, and that when he returned to Terrell and received his mail there was no such postal card in his mail, and that he never received any such postal card. This raised the issue of fact as to whether or not such postal card had been mailed. The jury found for appellee, and, the evidence being sufficient to sustain their finding, the judgment of the trial court is affirmed.

Affirmed.