## J. I. CASE THRESHING MACH. CO. v. WEBB.   (No. 7002.)*

(Court of Civil Appeals of Texas. Galveston. Dec. 23, 1915. Rehearing Denied Jan. 6, 1916.)

1. SALES ⚙38—ACTION FOR PRICE—DEFENSE —FALSE REPRESENTATIONS.

That one buying an automobile was not damaged by the false statements made by the seller's agent to bring about the sale that the buyer's wife desired him to make the purchase did not prevent the buyer from setting up such statements as a defense in an action on a check and notes given in payment and the mortgage securing the same; the rule that fraud, to be the basis for recovery of damages, must have

resulted in some pecuniary injury not applying in such case.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 65–77, 85; Dec. Dig. ☞38.]

2. EVIDENCE ☞434—ACTION FOR PRICE—MIS-REPRESENTATIONS OF AGENT—EVIDENCE.

In an action on a check and notes given in payment for an automobile, evidence that plaintiff's agents represented to defendant prior to the purchase that defendant's wife told the agents to get defendant to make the purchase, and that she was pleased with the machine, was properly admitted, notwithstanding a provision of the sale contract that plaintiff would not be responsible for any undertakings, promises, or warranties made by their agents beyond those expressed in the contract; such provision not operating to prevent defendant from showing that the contract was procured by false representations of the agents.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2005–2020; Dec. Dig. ☞434.]

3. EVIDENCE ☞317—HEARSAY—SALES.

In an action for the price of an automobile, wherein the defense was that plaintiff's agents had falsely stated that defendant's wife desired him to buy the machine, defendant's testimony as to what his wife told him relative to what she said to the agents, being hearsay, was improperly admitted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. ☞317.]

4. APPEAL AND ERROR ☞1050 — HARMLESS ERROR—HEARSAY EVIDENCE.

The admission of such evidence was harmless, however, where defendant's wife testified fully to the same facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

5. SALES ☞52 — ACTION FOR PRICE — EVIDENCE.

Where, in an action on instruments given for the price of an automobile, the defense was that the sale was procured by false representations as to statements made by defendant's wife to plaintiff's agents, defendant's wife was properly permitted to detail the conversation between herself and such agents when they showed her the car with a view of selling it to defendant.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–144, 1045; Dec. Dig. ☞52.]

6. TRIAL ☞25—ARGUMENT—RIGHT TO OPEN AND CLOSE—PLEADING.

Under Rules of Practice in the District and County Courts, rule 31 (142 S. W. xx), relative to the right to open and close the argument, where in an action on instruments evidencing the price of an automobile defendant admitted execution of the instruments, and in avoidance thereof pleaded fraud of plaintiff's agents, and further pleaded "that but for the facts set out in this answer the plaintiff would be entitled to recover, * * * and defendant assumes the burden of proving his defense, and claims the right of opening and closing the argument," defendant was entitled to open and close the argument.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–74; Dec. Dig. ☞25.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by the J. I. Case Threshing Machine Company against J. E. Webb. From judgment for defendant, plaintiff appeals. Affirmed.

A. B. Wilson, of Houston, for appellant. Cole & Cole, of Houston, for appellee.

McMEANS, J. The J. I. Case Threshing Machine Company brought this suit against J. E. Webb to recover $665 upon a check given by defendant to plaintiff, and upon nine promissory notes aggregating $1,200 and to foreclose a chattel mortgage executed by defendant to plaintiff upon an automobile as security for the payment of said notes.

Appellant, in its brief, makes the following statement of the issues made by the pleadings of the parties, which we adopt:

Plaintiff alleged that on July 29, 1914, it sold and delivered to defendant one automobile, defendant executing and delivering to plaintiff in payment therefor his check on the Humble State Bank for $665 and nine promissory notes, due and payable monthly, beginning September 1, 1914, for the aggregate sum of $1,200, said notes bearing interest at 8 per cent. per annum from date, and providing 10 per cent. attorney's fees if suit was brought thereon, or if placed in the hands of an attorney for collection; that defendant executed and delivered to plaintiff a chattel mortgage of the same date to secure the payment of the balance of the purchase price of the automobile; that defendant instructed the Humble State Bank not to pay said check, which was returned unpaid; that defendant is further indebted to plaintiff in the sum of $10 a month for the storage of the automobile since August 1, 1914; that plaintiff placed said notes in the hands of its attorney for collection and is entitled to recover the 10 per cent. attorney's fees. Plaintiff prayed for judgment for its debt evidenced by the check, notes, for the storage charges, for attorney's fees, foreclosure of the chattel mortgage, and general relief.

For answer defendant alleged that he executed the chattel mortgage, check, and notes by reason of the misrepresentations of plaintiff's agents, said misrepresentations consisting of the statement by plaintiff's agents to defendant that they (plaintiff's agents) had exhibited the automobile to defendant's wife, that she had ridden in it, and that she desired same, and had told them (plaintiff's agents) to persuade defendant to purchase the automobile for her; that said representations were untrue, were material, and, without the same having been made to defendant by plaintiff's agents, he would not have executed the notes, check, and chattel mortgage; and that he believed the statements and representations made to him by plaintiff's agents to be true. Defendant prayed for the cancellation of the check, notes, and chattel mortgage.

Plaintiff by supplemental petition alleged that defendant executed and delivered to it an order in writing July 29, 1914, for said automobile, which order stipulated that no.

branch house manager, salesman, or local dealer had any authority to make any different contract, representations, or warranties, and that they were not authorized to bind the company by any act, statement, or representations, and that it was not responsible to the purchaser for any promise, undertakings, or warranties made by the representations beyond those expressed in the order; that, in pursuance of said order, plaintiff delivered to the defendant the automobile, defendant executing and delivering to the plaintiff the check, notes, and chattel mortgage as alleged.

Defendant denied the defenses set up in plaintiff's first supplemental petition, and alleged that they executed the order by reason of the fraud and misrepresentations of the plaintiff's agents as set forth in defendant's answer.

The case was submitted to a jury upon special issues, and upon a return of their answers thereto the court entered judgment for the defendant canceling the check, notes, and chattel mortgage, and against plaintiff for costs, from which judgment the plaintiff has appealed.

[1] Appellant, under appropriate assignments of error, urges the following proposition:

"Plaintiff sold and delivered to the defendant an automobile, in consideration of which defendant executed and delivered to plaintiff his check for $665, nine promissory notes for the aggregate sum of $1,200, and a chattel mortgage upon the automobile securing the payment of the notes; the automobile being delivered to plaintiff by defendant. Defendant stopped payment of the check, refused to pay the notes, and plaintiff filed suit to recover the amount of the check and notes, foreclosure of the mortgage securing same, and for storage of the car. Defendant pleaded, and introduced evidence to support said plea, that plaintiff's agents induced him to enter into said contract for the purchase of said automobile and to execute his check, notes, and chattel mortgage by falsely representing to defendant that defendant's wife had ridden in the car and was pleased with it, and wanted plaintiff's agents to get defendant to purchase said automobile, but did not allege any pecuniary damage to him. Such a defense is unavailable in law or equity, and did not constitute any legal defense to plaintiff's cause of action, and the court erred in not instructing a verdict for the plaintiff for the amount sued for."

As we understand the above proposition, it is the contention of appellant that the fraud of appellant's agent alleged in the appellee's answer, which induced the appellee to buy the automobile and to give his check and notes for the purchase money, did not constitute any defense to plaintiff's cause of action, for the reason that the defendant did not allege that he had suffered any pecuniary damage as the result of the fraud so practiced upon him. It seems to be admitted by the appellant in its proposition that the fraud was proved as charged in appellee's answer. At any rate, we find from the evidence in the record that the allegation of fraud was proved as charged. It is elementary that fraud, in order to be the basis for the recovery of damages, must have resulted in pecuniary injury to the party complaining; but this rule applies generally to only those cases where the injured party is seeking to recover damages from the wrongdoer as indemnity against the injury which he has sustained by reason of the fraud, and has no just application to a case like the present, where the fraud is relied upon as a defense to the enforcement of an executory contract. In cases such as this, if the false representations relate to a material fact, the law implies that the defrauded party has suffered an injury sufficient to defeat a recovery. Kanaman v. Hubbard, 160 S. W. 304; Stewart v. Lester, 49 Hun, 58, 1 N. Y. Supp. 699; MacLaren v. Cochran, 44 Minn. 255, 46 N. W. 408; Smith v. Countryman, 30 N. Y. 655; Brett v. Cooney, 75 Conn. 338, 53 Atl. 729, 1124; Harlow v. La Brum, 151 N. Y. 278, 45 N. E. 859.

The rule is thus stated in 14 Am. & Eng. Ency. p. 140:

"It has been held that pecuniary damage is not necessary to entitle a person to relief by way of rescission; but that it is enough for him to show that he has been induced by material, false, and fraudulent representations to enter into the contract which he would not have entered into but for such representations."

We think that the fraud alleged in the petition, and which admittedly was proved induced the defendant to enter into a contract which he otherwise would not have made, and that his contract, being executory, was voidable for the fraud as a defense to the plaintiff's suit for the enforcement thereof, and that the issue of pecuniary injury has no place in this case in view of the remedy sought by defendant. The assignments are overruled.

[2] The second assignment complains of the action of the court in permitting the defendant, over its objection, to testify that plaintiff's agents had made statements and representations to defendant prior to the purchase by him of the automobile to the effect that defendant's wife had told plaintiff's agents to get defendant to purchase the automobile, and that said agents represented to defendant that the defendant's wife was pleased with the automobile.

At the time plaintiff contracted with the defendant's agents for the purchase of the automobile, and executed his check and notes for the consideration, he signed a contract which contained the following provision:

"The company is not responsible to the purchaser for any undertakings, promises, or warranties made by their representatives beyond those expressed herein. The undersigned hereby acknowledges to have received a full, true, and correct copy of this order, and that no promises, representations, or agreements have been made not herein contained. No branch house, manager, salesman, expert or local dealer, unless authorized in writing by an officer of the company, has any authority to waive, alter, or enlarge this contract, or to make any new or substituted or different contract, representation, or warranty."

Appellant makes the contention under this assignment, in effect, that in view of the provision of the contract above quoted, the testimony of plaintiff which was objected to was inadmissible, the defendant having notice of the limitation of the agents' authority, and there being no allegations of any fraud in the preparation and execution of the contract as expressed by the contract.

With this contention we cannot agree. The provision of the contract above did not operate a denial of defendant's right to show that false representations had been made to him by appellant's agents to induce him to enter into the contract, since it would be permissible for defendant to show facts extrinsic of the contract which prevented the contract from ever taking effect as a binding obligation. A principal cannot gain immunity from the consequences of his fraud by the insertion in the contract of a provision such as is contained in the contract in question, nor can he in that manner evade responsibility for the fraud of his agents which inured to his benefit.

In Kirby v. Thurmond, 152 S. W. 1102, the plaintiff brought suit to rescind a contract for the sale of goods made by him with the defendant on the ground that the defendant misrepresented the value of the goods to him. The defendant pleaded the following provision of the bill of sale in bar of plaintiff's right to rescind:

"It is understood that said stock is sold as it now stands, and the grantor does not warrant as to quantity."

In deciding the case Chief Justice Rainey, of the Dallas Court of Civil Appeals, uses this language:

"It was alleged that plaintiff was induced by fraudulent misrepresentations to enter into the contract of purchase, and but for such misrepresentations he would not have done so, stating what the misrepresentations were, and that they were made willfully and with intent to deceive, etc., were sufficient to state a good cause of action, and, if proven, warranted a verdict by the jury. The provision in the bill of sale that 'it is understood that said stock is sold as it now stands, and the grantor does not warrant as to quantity,' does not preclude plaintiff from showing that he was induced to make the trade, and in so doing relied on the representations of the defendant. This does not violate the well-known rule that parol evidence is not admissible to contradict or vary the terms of a written contract, as the action in this case sounds in tort, and not in contract. French v. Nolan, 33 Tex. Civ. App. 395, 85 S. W. 821; Rhode v. Alley, 27 Tex. 443; Ranger v. Hearne, 37 Tex. 30; Id., 41 Tex. 258; Davis v. Driscoll, 22 Tex. Civ. App. 14, 54 S. W. 43; Routh v. Caron, 64 Tex. 289. Fraud on the part of defendant having been alleged, the representations and circumstances surrounding the transaction as alleged were such that it was a question for the jury to determine whether or not plaintiff was justified in signing the contract, believing that the representations made by plaintiff were true. Fraud vitiates contracts, and, if plaintiff perpetrated a fraud that induced defendant to make the trade and sign the contract, it is not binding.

"In the case of Davis v. Driscoll, supra, Mr. Justice Fly, quoting from Mr. Greenleaf, says: 'This rule is not infringed, however, by the admission of parol testimony showing that the instrument is void, or never had any existence or binding force, either by reason of fraud, or for want of the execution and delivery, or for the illegality of the subject-matter.' Id. § 284. He then says: 'It follows, then, that if the proof tended to establish fraud upon the part of appellant in inducing the execution of a contract, the evidence was admissible. It is well settled in this state that it is competent to prove fraud, although the written contract is silent on the subject to which the fraudulent representations refer. Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717; Henderson v. Railroad Co., 17 Tex. 560, 67 Am. Dec. 675; Rhode v. Alley, 27 Tex. 443; Ranger v. Hearne, 41 Tex. 258.'"

In United States Gypsum Co. v. Shields, 106 S. W. 724, the appellant was represented in a trade by its agents, Watson, and the written contract contained this clause:

"It is agreed that this written order and printed terms hereon constitute the entire contract between the parties, and that there are no verbal statements or agreements varying the same."

The court, in disposing of appellant's attempt to invoke the above provision to the exclusion of extrinsic evidence of fraud upon the part of the agent, Watson, uses this language:

"These assignments are followed in appellant's brief by propositions of law so elementary that no one can gainsay any of them. The gist of them is that parol evidence is inadmissible to vary the terms of a written contract. This rule, however, has no application to extrinsic evidence, when used to attack the validity of a contract, as in this case, by showing fraud in its inception. If a party were denied the right to show facts which prevent a writing from constituting a contract, such a writing would be free from all defenses, and outside of all rules which determine the validity of contracts. Parsons on Contracts (9th Ed.) 708; Barrie v. Miller, 104 Ga. 312, 30 S. E. 840, 69 Am. St. Rep. 171; Howie v. Platt, 83 Miss. 15, 35 South. 216. The evidence objected to was not introduced for the purpose of varying the terms of the writing sued upon, which it did not tend to do, but to the end of showing that defendant was induced to sign the paper by the fraudulent representations of the plaintiff. On this issue it was clearly admissible."

We think the decisions of the Texas courts above cited are decisive of the question now under consideration, and are amply sustained by courts of other states. Barrie v. Miller, 104 Ga. 312, 30 S. E. 840, 69 Am. St. Rep. 171; Tiffany v. Times Square Automobile Co., 168 Mo. App. 729, 154 S. W. 865; Bridger v. Goldsmith, 143 N. Y. 425, 38 N. E. 458. The assignment is overruled.

[3, 4] A portion of the testimony of the defendant, the admission of which over plaintiff's objection is complained of in the third assignment of error, was hearsay, and the objection to it on the ground should have been sustained. He was entitled to state whether his wife was pleased with the car, and that she declined to receive it, but should not have been allowed to testify what she had told him that she had said to plaintiff's agents at the time they showed the automobile to her, or what she said they had said to her. However, all the same matters were proved by the testimony of defendant's wife when upon the witness stand; and we

cannot say that the admission of defendant's testimony in the regard stated amounted to such a denial of the rights of appellant as was reasonably calculated to cause and did probably cause the rendition of an improper judgment in the case. The assignment is overruled.

[5] We are of the opinion that there is no merit in the fourth assignment, which complains of the action of the court in admitting in evidence over the plaintiff's objection the testimony of plaintiff's wife as to the conversation between herself and plaintiff's agents at the time they showed her the car with a view of making sale of it to her husband, and the assignment is overruled without further comment.

[6] The fifth assignment complains of the action of the court in allowing defendant's counsel to open and conclude the argument to the jury.

The defendant in his answer admitted the execution by him of the check, promissory notes, and chattel mortgage sued upon, and in avoidance thereof pleaded the fraud of appellant's agents as hereinbefore set out. Defendant further in his answer pleaded as follows:

"Defendant, further answering, says that but for the facts as set out in this answer the plaintiff would be entitled to recover on its suit as plead in plaintiff's amended petition; and the defendant assumes the burden of proving his defense, and claims the right of opening and closing the argument."

We think that this was such an admission of the plaintiff's cause of action as entitled the defendant to open and conclude the argument. See rule 31 (142 S. W. xx), governing the practice in the district and county courts. Atkinson v. Reed, 49 S. W. 260.

We find no reversible error in the record, and the judgment of the court below is therefore affirmed.

Affirmed.