### ARON *v.* DE CASTRO.

*(Supreme Court, General Term, First Department.* February 11, 1891.)

1. EQUITY—RESCISSION OF SALE.
    In an action to rescind a sale of stock upon the ground that the purchase was induced by fraudulent representations, there was no evidence that the stock was not worth what was paid for it, nor that plaintiff at the time he attempted to rescind could not have sold the stock without loss. *Held*, that the action could not be maintained.

2. SAME—FRAUDULENT REPRESENTATIONS OF AGENT.
    In an action to rescind a sale of stock on the ground of fraud, defendant's denial as to the fraudulent representations complained of was based upon the fact that they were made by one G., acting as broker. *Held*, that defendant was responsible for the representations of G.

Appeal from special term, New York county.

Action by Joseph Aron against Alfred de Castro. There was judgment for defendant, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Eugene G. Kremer, (John E. Parsons,* of counsel,) for appellant. *Robert H. Griffin, (Robert G. Ingersoll,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to rescind the sale of stock upon the ground that the plaintiff had been induced to purchase the same by reason of certain false and fraudulent representations. The action was de-

fended upon various grounds, among which was a denial that the defendant sold the stock, or that he made any false representations. The denial that the defendant sold the stock was based upon evidence tending to prove that the real principal was one Morino, of Paris; and the denial as to the fraudulent representations was based somewhat upon the fact that whatever representations were made, were made by one Godchaux, acting as broker. And it has also been urged in support of the judgment, upon the argument of this appeal, that, the plaintiff having shown no damage, equity will not interfere to relieve him, although there may have been fraudulent representations. It seems to us, from the evidence in this case, that, as far as the plaintiff is concerned, the defendant was the principal. He knew of nobody else. He dealt with the defendant, and the reasonable inference, from the peculiar manner in which the defendant accounted for the proceeds of the sale, is that he considered himself the principal. There is no evidence that the defendant has ever accounted to anybody for the whole of the purchase money of this stock. He paid over a portion to the alleged agent of Morino, in Paris. He paid his commissions to the broker, Godchaux, but he appears to have retained a large balance for himself. That the defendant, under the circumstances, would be responsible for the representations of Godchaux, seems to be established by the principles enumerated in the case of *Mayer* v. *Dean*, 115 N. Y. 556, 22 N. E. Rep. 261, in which it is stated that "it is well settled in this state that a principal cannot retain the benefit of a contract obtained through the misrepresentation of his agent, even though the principal was innocent of the representation, and really intended no fraud." It is true that the learned judge who tried the case found that the representations made by Godchaux to the plaintiff were substantially true, and that this finding is challenged by the appellant upon this appeal as unsupported by the evidence. But, in view of the conclusion to which we have come upon the other branch of the case, it does not seem necessary to examine the evidence for the purpose of discovering whether this claim is well founded or not. It is urged, as has already been suggested, upon the part of the defendant, that the plaintiff has shown no damage by reason of the representations made to him which led to the purchase by him of the stock in question. This point seems to be well taken. There is no evidence going to show that the stock was not worth what was paid for it. Nor is there any evidence showing that the plaintiff, at the time he attempted to rescind, could not have sold the stock at the price which was paid for it. It is the well-settled rule that it is the very essence of the action of fraud and deceit that the same should be accompanied by damage. *Deobold* v. *Oppermann*, 111 N. Y. 531, 19 N. E. Rep. 94, and cases there cited. Fraud without damage, or damage without fraud, will not sustain an action. *Taylor* v. *Guest*, 58 N. Y. 266. It is true that these principles were laid down in actions at law, but the same rule prevails in actions in equity, because, unless the plaintiff has suffered damage by reason of the fraudulent representations, he has not been wronged thereby, and a fraudulent transaction implies a wrong done as well as a person wronged. Fancied grievances cannot be remedied in judicial proceedings. Courts are supposed to deal with substance, not shadow, and they will not entertain jurisdiction, unless there is some injury to be redressed or wrong prevented. Therefore, in the case at bar, without showing damage, the plaintiff cannot call upon a court of equity to intervene. It may be urged that the mere showing that the representations which were the inducing cause of the purchase upon the part of the plaintiff were false implies damage. But there is no presumption of damage arising from a representation which is proved to be false. It rests upon the plaintiff to prove, not only the falsity of the representation, but that some damage, at least, has been sustained thereby; and there is no difference in this respect between proceedings in equity and proceedings at law. It may be true that, upon proof of false representations and damage thereby, upon the part of the plaintiff, a court of

equity will grant relief where the action for fraud and deceit will not lie; but the proof of damage must be furnished the court in both cases in order that it may appear that there is a substantial wrong to be redressed. It would seem, therefore, that there is no reason for disturbing the judgment because of the want of proof of damage. The judgment should be affirmed, with costs. All concur.