PETER V. P. HEWLETT and Another, Appellants, *v.* SARATOGA CARLSBAD SPRING COMPANY and Others, Respondents.

*Appeal — review of questions of fact — contract vitiated by fraud — proof of both fraud and damage, essential to relief — expert testimony as to the value of property.*

The determination of the trial court, upon the trial of an action, as to disputed questions of fact, if in accordance with the evidence, must be deemed conclusive upon an appeal from the judgment rendered therein, and the appellate court will not disturb or interfere with the findings of the trial court made upon an evenly balanced case.

Fraud vitiates all contracts tainted or affected by it, and a fraudulent and false representation as to the quality of a chattel known by the vendor to be false at the time of his making the representation, where such representation is believed by the purchaser to be true, and is relied upon by him, if it induces a purchase by which he is injured or defrauded, constitutes good grounds for equitable interference and for setting aside the contract.

In such case the party asserting the fraud is charged with the burden of proving it; it cannot be presumed in the absence of proof.

*It seems,* that before a party can be relieved from his contract on account of fraud he must show some pecuniary loss or injury as the natural consequence of the contract induced by the misrepresentations of the other party to it. In the absence of proof that he has suffered loss by reason thereof, equity will not relieve him from his contract; such false representation must be so material that its falsity renders it unconscientious in the person making it to enforce the agreement or other transaction which it has caused.

A witness upon the trial of an action is qualified to give his opinion as to the value of property, where he is shown to be acquainted with the value of similar property in the vicinity of the property in question.

APPEAL by the plaintiffs, Peter V. P. Hewlett and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Saratoga on the 2d day of November, 1894, upon the decision of the court rendered after a trial at the Saratoga Special Term dismissing the plaintiff's complaint upon the merits.

*Frederic R. Kellogg* and *J. W. Houghton,* for the appellants.

*James W. Verbeck* and *Edgar T. Brackett,* for the respondents.

MAYHAM, P. J.:

The plaintiffs brought this action to rescind an alleged contract with the defendants Carragan, under which the plaintiffs claim to have acquired 125 shares of the stock of the Saratoga Carlsbad

Spring Company, and to compel the surrender of certain promissory notes given by the plaintiffs on such alleged purchase, to enforce cancellation by the corporation of the names of the plaintiffs as stockholders thereof, and to recover money paid to the defendants Carragan on account of the alleged sale of such stock on the ground of alleged fraudulent representation by said Carragans on the sale of such stock as to the amount of the earnings of such corporation during three years previous to December, 1891.

The defense set up a denial of the fraudulent representations by the Carragans and of the sale of the stock by them, and they alleged that the only interest they had in the contract was the sale of their farm to the company.

The case was heard and disposed of by the trial judge as an equity cause, who dismissed the complaint on the ground "that on the whole evidence the plaintiffs have failed to establish any right to any relief against the defendants, or either of them."

This trial proceeded under the provisions of chapter 688 of the Laws of 1894, which dispenses with proposed findings of fact and conclusions of law, and leaves it in the discretion of the judge whether he will state separately the facts found and his conclusions of law, or state concisely the grounds upon which the issues have been decided, and the learned trial judge adopted the latter method. The contention of the plaintiffs on the trial was that they purchased this stock of the defendants Carragan, and were induced to make said purchase upon the false and fraudulent representations of said defendants that the stock had previous to the time of the purchase produced ten per cent net profit on the amount of capital. The said defendants contended that they made no such representations, and also deny that they sold any stock to the plaintiffs, insisting that the stock purchased by the plaintiffs belonged to and was purchased by them of one Duncan Vail, who, before his sale to the plaintiffs, was the owner of one-half of the entire stock, the other half of the same being owned by the defendants Emmett Carragan, William H. Carragan and Frank Carragan.

Two questions of fact, therefore, became the principal points of controversy:

*First.* Did the plaintiffs purchase this stock of the defendants Carragan?

*Second.* Were the plaintiffs induced to purchase the stock by the false and fraudulent representations of the defendants as to its previous productiveness?

While the case contains some evidence that the dealings of the parties relating to, and leading up to the sale of this stock to the plaintiffs were between the Carragans and plaintiffs, there is abundant evidence in the case to uphold a finding by the trial court that the stock transferred to the plaintiffs was the stock of Vail. His scrip was transferred by him to the plaintiffs and the part of the cash consideration paid by them at the time of the sale was paid to him, and while it does not appear that the case turned upon that point, yet, if it had, this court could not, upon the evidence in this case, reverse the judgment for that reason.

It was a disputed question of fact for the trial court, whose determination under the evidence must be deemed conclusive.

But if we assume that the court found that this stock was owned by the defendants Carragan and sold by them to the plaintiffs, then it becomes a pertinent inquiry, did the plaintiffs by their evidence on the trial prove such false and fraudulent representations by the defendants Carragan as to its past productiveness as to vitiate the contract and entitle the plaintiffs to the relief sought?

It is elementary law that fraud vitiates all contracts tainted or affected by it. It is also equally true that fraudulent and false representations as to the quality of a chattel, known by the vendor to be false at the time of the representations, where such representations are believed by the purchaser to be true, and relied upon by him, if they induce a purchase; by which he is injured or defrauded, constitute good grounds for equitable interference and for setting aside the contract.

But in such case the party asserting the fraud is charged with the burden of proving it. Whether or not the Carragans were guilty of false and fraudulent representations in this case was a question of fact to be found by the trial court from the evidence. The evidence of the plaintiffs tends to prove that the Carragans, while negotiating the sale of this stock, stated positively that the stock had up to about the time of the sale produced ten per cent annual profit on the whole amount of the capital stock.

This was met by the testimony of the defendants that no such

representations had been made. It must, for the purpose of this appeal, be held that the trial court found for the defendants on this disputed question of fact, or at least that the plaintiffs had failed affirmatively to establish upon the whole proof the fraud charged. Fraud must be proved and cannot in the absence of proof be presumed, and where, as in this case, the evidence is conflicting it is the peculiar province of the trial court to settle such conflict, and the appellate court will not on an evenly balanced case upon the proof interfere to disturb its findings.

The determination of the court being in favor of the defendants, we must, it would seem, assume that it had found against the plaintiffs upon one or both of the above questions of fact, a finding for the defendants in either of which would prevent a recovery by the plaintiff. But it is insisted on the part of the plaintiffs that there was error committed by the court in the receipt and rejection of evidence on the trial, for which the judgment should be reversed.

The proof as to the value of the property sold was objected to on two grounds:

*First.* That the witness was not shown competent to give an opinion.

*Second.* That the alleged recommendation, being as to the productiveness of the property and not as to its value, it was error to prove the value. As to the first objection, we think it was properly overruled. The witness upon that subject was shown to be acquainted with the value of similar property in the vicinity of the property in question. Under such conditions a witness may testify to the value of property.

As to the second objection, as we have seen, the court has found against the plaintiffs on the main issue, and, therefore, rendered unimportant the question of value, but even if that question is open it does not follow that the proof of the actual value of the premises is incompetent as bearing upon the question of the net profits for the use of the same.

It was clearly competent upon the question of the right to equitable relief, for, if the plaintiffs had not suffered loss by the alleged fraud, equity would not relieve them from their contract. Before a party can be relieved from his contract on account of fraud, the rule seems to be that he must show " some pecuniary loss or

injury as the natural consequence of the conduct induced by the misrepresentation. In short, the representation must be so material that its falsity renders it unconscientious in the person making it to enforce the agreement or other transaction which it has caused. Fraud without resulting in pecuniary damage is not a ground for the exercise of remedial jurisdiction." (Pom. Eq. Juris. [13th ed.] § 898.) The same doctrine was held in *Aron* v. *De Castro* (36 N. Y. St. Repr. 716; affd., 131 N. Y. 648). VAN BRUNT, J., says: "It is the well-settled rule that it is the very essence of the action of fraud and deceit that the same should be accompanied by damage. (Citing *Deobold* v. *Uppermann*, 111 N. Y. 531.) "Fraud without damage, or damage without fraud, will not sustain an action." (Citing *Taylor* v. *Guest*, 58 N. Y. 266.)

Upon the principle enunciated in the cases above cited it was clearly competent to prove that the property purchased by the plaintiffs was worth as much or more than the plaintiffs paid for it. At the time this evidence was offered, the question as to whether or not a fraud would be established was open, and it was competent for the defendants to prove that the plaintiffs had suffered no loss by the contract.

We have examined the other questions and exceptions taken by the plaintiffs to the receipt and rejection of evidence on the trial, and see no error for which the judgment should be reversed.

Judgment affirmed, with costs.

PUTNAM, J., concurred.

Judgment affirmed, with costs.