FREDERICK S. HARLOW, Appellant, *v.* HIRAM LA BRUM, Respondent.

PARTNERSHIP — AGREEMENT INDUCED BY FRAUD. One who has been induced to enter into an agreement of partnership by fraudulent misrepresentations is entitled to have it canceled *ab initio* on proof of the fraud in its inception, without being required to show pecuniary damage.

*Harlow* v. *La Brum*, 82 Hun, 292, affirmed.

(Argued December 23, 1896; decided January 19, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the third judicial department, entered December 5, 1894, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James W. Verbeck* for. appellant. Plaintiff was entitled to judgment in his favor on the pleadings; it was a reversible. error to grant defendant affirmative relief. (*Fleischmann* v. *Stern*, 90 N. Y. 110; *Beard* v. *Tilghman*, 66 Hun, 12.) Defendant's answer contains no denial, nor any statement of new matter constituting a defense or counterclaim. (Code Civ. Pro. §§ 500, 522.) The facts proven on the trial do not constitute any defense. (*Ellis* v. *Andrews*, 56 N. Y. 83;

*Chrysler* v. *Canaday*, 90 N. Y. 272–279; *Schumaker* v. *Mather*, 133 N. Y. 590–596.) A false material statement does not constitute legal fraud either in law or in equity, without proof of some damage. In this case the statement was entirely immaterial. (2 Pom. Eq. Juris. [2d ed.] § 898; *Wheadon* v. *Huntington*, 83 Hun, 371–373; *Stevens* v. *Huber*, 3 Misc. Rep. 599; *Deobold* v. *Oppermann*, 111 N. Y. 531, 541, 542; *Kountze* v. *Kennedy*, 147 N. Y. 124, 128, 129; *Post* v. *Like*, 18 Wkly. Dig. 385; *Taylor* v. *Guest*, 58 N. Y. 262, 263; *Aron* v. *de Castro*, 36 N. Y. S. R. 716; 131 N. Y. 648; *Brackett* v. *Griswold*, 112 N. Y. 454; *N. Y. L. I. Co.* v. *Chapman*, 118 N. Y. 288; *Hotchkin* v. *T. N. Bank*, 127 N. Y. 329; *Arnold* v. *Nichols*, 64 N. Y. 117; *People* v. *Stephens*, 71 N. Y. 557; *Bayles* v. *Vanderveer*, 11 Misc. Rep. 207, 211, 212; *Hewlett* v. *S. C. S. Co.*, 84 Hun, 248.) Plaintiff was entitled to judgment on the trial. (*Cobb* v. *Hatfield*, 46 N. Y. 533.)

*Edgar T. Brackett* for respondent. Where an innocent party is induced to enter a co-partnership by misrepresentation, it is not necessary that he should show that he has already suffered money damage to entitle him to have the agreement of co-partnership rescinded and declared void *ab initio*. (1 Bates on Partnership, § 303; 2 Bates on Partnership, § 595; *Bush* v. *Linthicum*, 59 Md. 344; *Newbigging* v. *Adam*, L. R. [34 Ch. Div.] 582; *Mycock* v. *Beatson*, 36 Moak's Eng. Rep. 750; *Richards* v. *Todd*, 127 Mass. 167–173; *M. E. R. Co.* v. *Kneeland*, 120 N. Y. 134; *Decker* v. *Mathews*, 12 N. Y. 313; *Thayer* v. *Manley*, 73 N. Y. 305; *Betz* v. *Daily*, 3 N. Y. S. R. 309; *Davison* v. *Farr, Ward & Co.*, 18 Misc. Rep. 124.)

GRAY, J. The plaintiff brought this action for the dissolution of a co-partnership between the parties and for an accounting. After the commencement of the action, the defendant discovered that a fraud had been practiced upon him, through which he had been induced to enter into the co-partnership.

It consisted in fraudulent representations made by the plaintiff as to the cost of a certain stock of merchandise, which he put into the co-partnership, and the half of which, as represented, the defendant had paid in compliance with his co-partnership agreement. He, thereupon interposed an answer setting up the fraud of the plaintiff and asking judgment to the effect that there had never existed any partnership between the parties; that the agreement of partnership be set aside and that the plaintiff be decreed to restore to him the consideration which he had paid on entering into the co-partnership. Upon trial of the issues, the court found that the representations made by the plaintiff to the defendant as to the cost of the stock of merchandise in question were false and were made to induce the defendant to enter into the co-partnership agreement; that they were known by the plaintiff to be false when he made them and that the defendant relied upon and believed them and, except for the same, would not have formed such partnership. These findings were amply supported by the evidence. Judgment was directed and entered declaring the co-partnership agreement void; directing the receiver in the action, after paying the outstanding debts of the co-partnership to pay to the defendant the money he had paid to the plaintiff, with interest thereon, and directing the plaintiff to deliver to the defendant a due-bill, which he held for the balance of the purchase price for a half interest in the stock of merchandise. The trial court, also, found that the defendant had drawn out of the firm six dollars a week for his living expenses, as was permitted by the articles to each party; but that the services of the defendant were worth twelve dollars per week. Upon appeal by the plaintiff from the judgment recovered by the defendant, the General Term affirmed the same and I think nothing need be added to the very satisfactory opinion rendered at the General Term upon the affirmance.

But as the plaintiff, who now appeals to this court, contends that the General Term erred in reasoning that the rule of law has no application to the case, which requires a party, in order

to successfully invoke the aid of the court, to show that he has . been damaged in a financial sense, a brief expression of our views may not be inappropriate. The question of whether a money damage has been sustained by the party, who has been induced to enter into a partnership relation through fraudulent representations, has nothing to do with the decision of the case presented for the avoidance of the partnership agreement. The true principle by which the court is to be guided in such a case is, that the party deceived has a right to have the agreement wholly set aside ; if it has been obtained by fraud he is entitled to say that the misrepresentations vitiate the contract. (*Rawlins* v. *Wickham*, 3 De Gex & Jones, 304.)  As was said by Lord Justice TURNER in that case, " we cannot assume from what was done in ignorance of the misrepresentation what would have been done if the misrepresentation had been detected."  The relation of partners is one implying the highest degree of mutual confidence, as it was well observed in the opinion below, and if the contract of partnership was initiated by fraud, it is thereby avoided and annulled.  The person fraudulently induced to enter into the partnership is entitled to a decree canceling the partnership agreement *ab initio,* and he can, also, have an action for the deceit.   (2 Bates' Partnership, § 595 ; Parsons on Partnership [2d ed.], *p. 467.)

The trial court having found the making of the false representation, with the fraudulent intention to induce the defendant to enter into the partnership, no rule of law and no principle of equity stood in the way of its decreeing the cancellation of the agreement and in its directions as to the judgment to which the defendant was entitled, it followed the requirement of the rule in such cases ; as it may be found laid down in the books. (See Bigelow's Law of Fraud, p. 629, and cases cited there.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.