STERN v. KIRBY LUMBER CO. et al.

(Circuit Court, S. D. New York. November 16, 1904.)

1. CORPORATIONS—STOCK SUBSCRIPTIONS—FRAUD—EQUITABLE RELIEF—RESCISSION.

Where a stock subscription was obtained by fraud, the subscriber was entitled to maintain a bill in equity to annul the same without alleging or proving that he had sustained pecuniary loss by reason of the fraud.

Leon Kaufman, for complainant.

Arthur H. Van Brunt, for defendants.

WALLACE, Circuit Judge. This demurrer raises the single question whether, in an action in equity to annul a subscription by the plaintiff to the capital stock of a corporation because the plaintiff was induced to subscribe by the fraudulent representations of its officers as to the value of its assets, it is necessary that the plaintiff allege in his bill of complaint that he sustained pecuniary loss by reason of the fraud. It is urged in support of the demurrer that although, according to the bill, the assets were far below the value represented, non constat the stock subscribed for was of equal or greater value than the subscription price, and in such a case a court of equity would not give the relief sought. It may be that the plaintiff has made a profitable bargain, but, if he has, it is not for the defendant to assert that he must abide by it. The party who has been induced by fraud to become a subscriber for the shares of a corporation, or to enter into any other contract which subjects him to future liabilities, may, if he choose, waive or condone the fraud; but it is also his right to have the contract annulled. If he resorts to a court of law for redress, he must, of course, prove that he has sustained pecuniary loss. But in a court of equity it is the fraud, and not the damages, which entitle him to relief. Doubtless a court of equity would not grant relief in a case of purely inconsequential fraud, but the present bill does not present such a case. The reasonable deduction from the allegations of the bill is that the plaintiff's stock would have been of greater intrinsic value if the assets of the corporation had been such as they were represented to be. The only authority cited in support of the contention of the defendants is Aron v. De Castro (Sup.) 13 N. Y. Supp. 372, but the doctrine of that decision was distinctly repudiated by the higher court in the later case of Harlow v. La Brum, 151 N. Y. 278, 45 N. E. 859.

The demurrer is overruled, with costs.