ALBERT O. HESSE, Plaintiff, *v.* FRED J. RATH, as Mayor of the City of Utica, and Others, Defendants.

Fourth Department, October 3, 1928.

*Charles J. Fuess,* for the plaintiff.

*Emerson M. Willis,* for the defendants.

HUBBS, P. J. Chapter 647 of the Laws of 1928, entitled " An act to amend the general municipal law, ▮ in relation to authorizing towns to establish, construct, improve, equip, maintain and operate airports or landing fields," was enacted to enable municipal corporations to acquire and maintain airports as therein provided. It is recited in the agreed statement of facts that the city of Utica has, pursuant to said statute, duly authorized the issuing of bonds to the amount of $120,000 for the purchase of land for an airport. The plaintiff in his demand for relief under the agreed statement of facts prays that the defendants, as officers of the city of Utica, may be restrained from issuing said bonds.

The question for our determination is whether the establishment of an airport is "a city purpose " within the meaning of section 10 of article 8 of the State Constitution, which provides: " Nor shall any such county, city, town or village be allowed to incur any indebtedness except for county, city, town or village purposes."

The Legislature, by the enactment of said statute, has determined that the establishment of an airport is " a city purpose." It was its duty in the first instance to determine that question. When its decision is questioned upon the ground that the statute which it has passed is unconstitutional, its determination that the purpose for which the statute was enacted is " a city purpose " should be given great weight and " its action should not be annulled unless the purpose appears clearly to be one not authorized." (*People ex rel. Murphy* v. *Kelly,* 76 N. Y. 475; *Horton* v. *Andrus,* 191 id. 231.)

In the determination of the question presented we start with the presumption that the statute is constitutional and valid. (*People ex rel. Kemmler* v. *Durston,* 119 N. Y. 569.) What constitutes " a city purpose " within the meaning of the constitutional provision cannot be stated with exactness. Something that fifty years ago could not have been held to be " a city purpose " may to-day be clearly authorized by the Constitution. " The question of what is a public purpose is a changing question, changing to suit industrial inventions and developments and to meet new social conditions. Law is not a fixed and rigid system, but develops, a living thing, as the industrial and social elements which form it make their impelling growth." (*City of Tombstone* v. *Macia,* 30 Ariz. 218; 245 Pac. 677.) The provision must be construed in view of conditions existing at the time when the question is raised. A statute held to be unconstitutional at one time may, at a future day, in view of changing conditions and new light upon the subject, be held to be constitutional. (*People* v. *Charles Schweinler Press,* 214 N. Y. 395.) The words " a city purpose," as used in the Constitution, have been construed by many decisions. In *Sun Printing & Publishing Association* v. *Mayor* (152 N. Y. 257) it was said: " * * * the purpose must be necessary for the common good and general welfare of the people of the municipality, sanctioned by its citizens, public in character and authorized by the Legislature." (See, also, *Matter of Chapman* v. *City of New York,* 168 N. Y. 80.)

We may take judicial notice of the fact that aviation is no longer an experiment. Large sums of money have been expended and are being expended by municipalities in providing suitable airports. Commercial and passenger lines have been established for the transportation of passengers, mail and express. Railroads have established schedules in connection with air transportation companies for the more rapid transportation of passengers and valuable express, and the government has availed itself of air transportation in carrying mail. A history and explanation of

Federal legislation in regard to air transportation may be found in chapters 12 to 14, inclusive, in Fixel on Law of Aviation. The opinion in *City of Wichita* v. *Clapp* (—— Kan. ——; 263 Pac. 12) contains an extended discussion of aeronautical development and statutes passed in various States in relation thereto. In view of such extensive development of aviation and the purposes for which air transportation is used, we believe that the Legislature was justified in its determination that the building of an airport is "a city purpose," as is the building of a railroad, a bridge, or a dock. At least, we are unable to say that it is not "a city purpose" and, therefore, the determination of the Legislature is valid and constitutional.

The submitted controversy should be determined in favor of the defendants and judgment awarded in favor of the defendants as prayed for in the submitted facts.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Submitted controversy determined in favor of the defendants and judgment awarded in their favor as prayed for in the submission, without costs.