Submitted on briefs December 18, 1928, affirmed January 8, 1929.

L. E. McCLINTOCK v. CITY OF ROSEBURG ET AL.

(273 Pac. 331.)

For appellant there was a brief over the name of *Mr. R. L. Whipple.*

For respondents there was a brief over the names of *Mr. Guy Cordon, Mr. Carl E. Wimberly* and *Mr. M. L. Hallmark.*

COSHOW, C. J▮▮▮ We think the statute is very clear and plainly authorizes municipalities to maintain and own airports. The reading of the statute is as follows:

"Sec. 7091. Any incorporated city or town of this state shall have the right to appropriate any private real property, * * for the general use and benefit of the people of said city or town, including real property, for an aviation field or park, * * ." 1925 Gen. L. 162, Chap. 106.

This language does not require any construction or interpretation. It does not admit of argument or controversy as to its meaning. The city, having taken the necessary steps to authorize the issuance of bonds by an appropriate amendment of its charter and ordaining the proper ordinance, is authorized to issue bonds in the sum of $25,000 for an airport,

unless the purpose of establishing and maintaining an airport is private rather than public.

■ What is a public use is not capable of an absolute definition. A public use changes with changing conditions of society, new appliances in the sciences and other changes brought about by increased population and modes of transportation and communication. We cannot close our eyes to the great growth in the use of flying machines during the past decade. This growth has been especially noticeable during the last two or three years. We must take notice that a large quantity of mail is being daily transported into the various parts of the country. Expressage and even freight is being transported by aeroplane in large and rapidly increasing quantities. Transportation by air appears to be increasing so rapidly that we may confidently expect that soon a large portion of the mail and express will be transported by aeroplane. An airport owned by the city open to the use of all aeroplanes is for the benefit of the city as a community and not of any particular individuals therein. It is therefore a public enterprise. Aeroplanes travel the "trackless air." The only way an aeroplane company could acquire a monopoly would be through monopolizing the airport. It would seem, therefore, that airports may be properly owned and controlled by a municipality or other public corporation. Such has been the holding of all the courts passing upon the question directly: *Hesse* v. *Rath,* 224 App. Div. 344 (230 N. Y. Supp. 676).

This case was decided October 3, 1928, by the Supreme Court, Appellate Division, Fourth Department of the State of New York: *State* v. *Johnson* (Neb.), 220 N. W. 273, decided June 27, 1928; *City of*

*Wichita* v. *Clapp,* 125 Kan. 100 (263 Pac. 12). All three of the cases above cited are directly in point. All of said cases support the right of the city, when duly authorized by suitable legislation, to maintain and own airports by taxation. All of said cases directly hold that when so authorized by the proper legislative authorities the maintenance of airports is a public enterprise.

Our own court in cases similar involving the same principle by analogy also supports the power and right of a city to maintain at public expense a park for runways and other conveniences for aeroplanes: *Capen* v. *City of Portland,* 112 Or. 14 (228 Pac. 105, 35 A. L. R. 589); 36 A. L. R. 1301, note; 35 A. L. R. 592, notes; *Stevenson* v. *Port of Portland,* 82 Or. 576 (162 Pac. 509); *Churchill* v. *Grants Pass,* 70 Or. 283 (141 Pac. 164); McQuillin, Municipal Corporations, §§ 2280, 2372; 19 R. C. L. 721, 722, § 29; *City of McMinnville* v. *Howenstine,* 56 Or. 451 (109 Pac. 81, Ann. Cas. 1912C, 193); *Dallas* v. *Hallock,* 44 Or. 246 (75 Pac. 204). Special attention is directed to *City of Wichita* v. *Clapp,* above, which is replete with information regarding the advance of aviation. The cases above cited are well considered and refer to numerous other decisions and text-books supporting the general principle announced in this opinion. No good purpose would be served by further extending this opinion.

The decree is affirmed.                    AFFIRMED.