JEANETTE KRINSKY, Respondent, *v.* TITLE GUARANTEE AND TRUST COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, May 21, 1937.

834

*Milbank, Tweed, Hope & Webb* [*Richard S. Holmes* and *William S. Junkerman* of counsel], for the appellant.

*Schlesinger & Krinsky* [*Leon Singer* of counsel], for the respondent.

FRANKENTHALER, J. This action was brought to rescind the purchase of a guaranteed first mortgage certificate from the defendant, on the ground that the latter falsely represented to plaintiff that the certificate represented an undivided share in a bond

and mortgage maturing June 1, 1934, whereas the fact was that the bond and mortgage did not mature until June 1, 1936.

On July 23, 1931, plaintiff's husband, acting as her agent, applied to defendant for a certificate in the face amount of $1,000 " in a mortgage that would not run for more than three years." The defendant, on receipt of $1,000, forwarded a certificate, dated July 24, 1931, which recited the receipt by it of $1,000 from plaintiff and assigned to the latter " an undivided share equal to that amount, with interest thereon at the rate of $5\frac{1}{2}\%$ per annum, in the bond of Hart Properties, Inc., Dated January 19, 1926, for $85,000., due* June 1, 1934, and in the first mortgage securing the same." The asterisk in the above quotation referred to a footnote reading as follows: " While the bond secured by the mortgage mentioned in this certificate is payable by its terms on its due date, the policy of the Bond and Mortgage Guarantee Company, entitles it at its option to a period of eighteen months thereafter in which to collect the principal. Regular payment of interest meanwhile is guaranteed."

Plaintiff's husband examined the certificate, and, finding that it corresponded with his request in that the mortgage was due not more than three years later, placed the certificate in his safe. In May, 1936, plaintiff's husband learned that on July 22, 1931, two days prior to the date of the certificate purchased by plaintiff, the defendant had entered into an agreement with Hart Properties, Inc., extending the mortgage to July 1, 1936, with the following provision for amortization payments: $500 on January 1, 1932; $1,250 on June 1, 1932; $1,250 on June 1, 1933; *$1,000 on June 1, 1934;* $1,000 on June 1, 1935; and the balance of $80,000 on June 1, 1936. On May 28, 1936, a short time after this discovery, plaintiff notified the defendant that she rescinded the purchase of the certificate and tendered it back to the defendant, demanding the return of the purchase price. On the defendant's refusal to accept the tender, the present action was brought.

The defendant offered testimony to establish that it had issued certificates, aggregating $5,000, which were intended to be pay· able out of the amortization payments provided for in the extension agreement. However, instead of inserting a provision in the certificates to the effect that they were payable out of the amortization payments and making the due date of each *certificate* correspond to the due date of the amortization payment out of which it was to be paid, the defendant issued certificates in which the maturity of the *bond and mortgage* was dated to correspond with the due dates of the amortization payments out of which the respective certificates were intended to be payable.

None of these certificates contained any language which would indicate that they were payable. out of amortization installments maturing prior to the due date of the bond and mortgage. Each of these certificates is in the form of the certificate issued to the plaintiff. Plaintiff's certificate is the only one issued by the defendant in which the due date of the bond and mortgage is described as June 1, 1934.

Plaintiff contends that since her certificate contained no statement that it was to be payable out of an amortization payment due on June 1, 1934, but merely misstated the due date of the bond and mortgage as being June 1, 1934, plaintiff would not have been entitled to the entire amortization payment of $1,000 due on that date had the mortgagor made such payment. Expressed somewhat differently, plaintiff argues that *all* the holders of certificates in the bond and mortgage would have been entitled to share *pro rata* in the amortization payment due June 1, 1934, had such payment been made, and that the mere misdescription of the due date of the entire bond and mortgage did not have the effect of making plaintiff's certificate due on June 1, 1934, or of giving plaintiff the sole and exclusive right to receive the amortization payment due on that date.

The facts of this case are different from those present in *Matter of People ex rel. Van Schaick* v. *Goldstone* (N. Y. L. J. Additional Special Term, July 13, 1934; affd., 242 App. Div. 755), and *Matter of People ex rel. Van Schaick* v. *Oste* (Id., Additional Special Term, July 13, 1934; affd., 242 App. Div. 755). Both these cases were decided by me in the Additional Special Term for Rehabilitation. In the *Goldstone* case (*supra*) the certificate of the respondent guaranteed payment " as and when collected *out of the installment* of said bond and mortgage becoming due on the date of the maturity of this certificate," and also stated that the bond and mortgage was payable " *in semi-annual installments* of Six Thousand Five Hundred Dollars ($6,500), on the first day of May and November in each year." In the *Oste* case (*supra*) the certificate expressly provided that it was " payable *out of installment* of said bond and mortgage which becomes due October 1, 1932," and guaranteed payment of the principal sum " as and when collected *out of the installment* becoming due on the date above noted." In view of these express provisions I overruled the contentions of the Superintendent of Insurance, in each case, that all the certificate holders had the right to share *pro rata* in each installment payment and that " the certificate does not vest in respondent ownership of the installment of the bond and mortgage " maturing on the date specified in the certificate. In the instant case, however, plain-

tiff's certificate contained no language indicating that it was payable out of an installment payment of principal due under the bond and mortgage. The recent decision of the Appellate Division in *U. S. Hat Co.* v. *Title Guarantee & Trust Co.* (248 App. Div. 569) seems controlling authority in favor of the defendant's contention that plaintiff's certificate was the only one entitled to participate in the amortization payment due on June 1, 1934, had such payment been made by the mortgagor. In the case cited the bond and mortgage, in the sum of $500,000, had provided for five amortization payments of $50,000 each, due February 1, 1931, and semi-annually thereafter. The balance of $250,000 was due on October 1, 1933. The defendant had issued certificates in the aggregate face amount of $50,000 for each of the amortization payments, describing the due date of the bond and mortgage differently in each set of $50,000, according to the due date of the amortization payment in which the particular certificate was intended to participate. The certificates were substantially identical with that issued to plaintiff in the present case and contained no language indicating that they were payable out of amortization installments. All the amortization payments, aggregating $250,000, had been made. The plaintiff in the case under discussion held a certificate in which the due date of the bond and mortgage was correctly stated, the company's intention being that this certificate should be paid out of the balance of $250,000 due at the maturity of the bond and mortgage. When payment was not made on maturity of the mortgage the plaintiff brought an action against the defendant for its *pro rata* share of the amortization payments previously made. The theory of the action was that *all* the certificate holders, *including the plaintiff*, were entitled to share in the amortization payments and that the holders of certificates in which the due date of the bond and mortgage was misdescribed so as to coincide with the due date of an amortization payment, were not entitled, merely because of this misdescription, to share in any particular amortization payment to the exclusion of other certificate holders. The court at Special Term had denied the plaintiff's motion for summary judgment and had granted the cross-motion of the defendant for summary judgment dismissing the complaint. The Appellate Division affirmed both these orders without opinion and must, therefore, be deemed to have held that certificates in which the due date of the bond and mortgage, as stated therein, corresponded with the due date of an amortization payment were entitled to share in the amortization payment to the exclusion of all other certificates. It is true, as plaintiff here points out, that at Special Term the defendant had also urged that it could not be

liable in any event, in view of the fact that the amortization payments had been made not to it, but to the Bond and Mortgage Guarantee Company. On appeal, however, the appellant urged, as its brief indicates, that in receiving the amortization payments the Bond and Mortgage Guarantee Company acted as agent of the defendant and that the latter was, therefore, responsible for the acts of the former. The defendant-respondent made no attempt to answer this contention in its brief and apparently acquiesced therein. It based its argument for affirmance solely on the claim that the amortization payments were properly made to holders of certificates which gave as the due date of the bond and mortgage the date the respective amortization payments were payable. On the authority of that case the claim of the present plaintiff that other certificate holders had a right to share with her in the amortization payment due June 1, 1934, must be overruled.

It does not follow, however, as the defendant maintains, that plaintiff received substantially what she bargained for. The agreement of purchase called for a certificate in a bond and mortgage maturing in not more than three years from July 23, 1931, and the certificate issued to plaintiff contained a representation that it evidenced a participating interest in such a bond and mortgage. The fact is, however, that plaintiff received a *certificate* maturing in less than three years while the *bond and mortgage* themselves did not mature until almost five years later. There is obviously a substantial difference between a bond and mortgage maturing in less than three years and a certificate, maturing within that period, in a bond and mortgage becoming due long thereafter. If, at the maturity of plaintiff's certificate, the mortgagor failed to make the amortization payment due on that date, and the guarantor likewise failed to perform its guaranty, plaintiff, holding a $1,000 certificate, would be in the position of being the holder of the only certificate in default and would be obliged to take action by herself without the aid of other certificate holders.

Just what the plaintiff's rights and remedies would be in such a situation is extremely uncertain. It is at least doubtful that a single certificate holder may revoke the exclusive agency conferred upon the guarantee company to foreclose, etc., under the provisions of the usual guarantee policy, and herself partially foreclose the mortgage. (Compare *Kline* v. *275 Madison Ave. Corp.*, 149 Misc. 747, at p. 749.) Even if the plaintiff could foreclose, the expense involved would be almost prohibitive in view of the fact that she possessed a certificate for only $1,000. If, on the other hand, the bond and mortgage themselves matured within three years, plaintiff could expect, in the event of a default,

to have the aid, assistance and co-operation of all the other certificate holders. In such event the expense of taking appropriate proceedings would be shared by others and the rights and remedies available would be far more effective and valuable than in a case where only a single certificate is in default. The agency of the guarantee company could be revoked by all the certificate holders and the mortgage foreclosed. Whether the plaintiff's position as the holder of a single certificate in default is better or worse than would be her position as holder of a certificate in a mortgage entirely in default need not, however, be determined. It is enough that his position is different in the two situations.

There is a material difference between what plaintiff bargained for and what she received, and we, therefore, conclude that she was entitled to rescind the purchase of the certificate and obtain restitution of what she had paid. *It is well settled that in an action based upon rescission for misrepresentations a plaintiff is not bound to show that pecuniary loss resulted from the misrepresentations.* It is sufficient that plaintiff received something different from what she contracted for and that she might not have accepted the same had the facts not been misrepresented to her. Thus, in *Commercial Credit Corp.* v. *Third & Lafayette Sts. Garage, Inc.* (226 App. Div. 235) the Appellate Division said (at p. 239): "At the risk of being wearisome, attention must again be called to the fact that this is not an action to recover damages for deceit, but is brought upon a rescission of the contract to recover the consideration paid. The plaintiff asks to be put in the same position it was in before the contract was made. Under these circumstances, appellant was not bound to show that it had suffered pecuniary loss by reason of defendant's fraud. (*Harlow* v. *LaBrum,* 151 N. Y. 278; *Maybee* v. *Sullivan,* 171 App. Div. 111; *Lambert* v. *Elmendorf,* 124 id. 758; *Jahn* v. *Reynolds,* 115 id. 647; *Stewart* v. *Lester,* 49 Hun, 58; *Mac-Laren* v. *Cochran,* 44 Minn. 255; *Engeman* v. *Taylor,* 46 W. Va. 669; *Wilson* v. *Carpenter's Admr.,* 91 Va. 183.) "

In *Kaufman* v. *Jaffee* (224 App. Div. 344) the Appellate Division in this Department, in an opinion by Mr. Justice O'MALLEY, expressed the same principle in the following language: " Upon plaintiff's theory, particularly with respect to the corporate defendant, he was not required to prove actual damage in the sense of financial loss, but only legal injury. (*Harlow* v. *LaBrum,* 151 N. Y. 278; *Downey* v. *Mallison,* 232 App. Div. 703; *Commercial Credit Corp.* v. *Third & Lafayette Sts. Garage, Inc.,* 226 id. 235; *Mack* v. *Latta,* 83 id. 242; 1 Page Cont. § 368; 3 Williston Cont. 1500; Restatement of Law of Contracts, vol. 2, chap. 15, § 476.) "

It is immaterial whether the rescission is sought on the theory of breach of contract or on the theory of misrepresentations. Viewed as an action to rescind for breach of contract, there was a material and substantial difference between the article purchased and that received. Regarded as an action based on false representations, there was a material misrepresentation which induced plaintiff to pay $1,000. As was said in *Rawlins* v. *Wickham* (3 De Gex & Jones, 304) (quoted with approval in *Harlow* v. *LaBrum*, 151 N. Y. 278, 281): "*We cannot assume from what was done in ignorance of the misrepresentation what would have been done if the misrepresentation had been detected.*"

Judgment affirmed, with twenty-five dollars costs.

All concur. Present — LYDON, LEVY and FRANKENTHALER, JJ.